Jeffrey Culbreath
#95B1028
Auburn Correctional Facility
135 State Street
Auburn, New York 13024
Plaintiff, Pro-se

January 18, 2018

**Culbreath v. Griffin, et. al., 17-CV-3406 (KMK) (LMS)**

Dear Judge Smith:

I am the Plaintiff appearing pro-se in regards to the above-referenced matter, and I am writing to request that the Court compel Defendants to produce documents that are relevant and material to the Plaintiff's cause of action. In accordance with Local Civil Rule 37.3(a), I have conferred with the Defendants attorney in good faith and have been unable to resolve this issue.

On November 30, 2017, Plaintiff served the Defendants with a Second Set of Request for Documents (**Exh. A**). On January 2, 2018, in excess of 30 days, Plaintiff was served with the Defendants Response to Plaintiff's Second Set of Requests for Documents (**Exh. B**), and also on January 3, 2018, the Defendants' served Plaintiff with a Revised Response (**Exh. C**). Plaintiff now comes before the Court.

Regarding Plaintiff's Second Set Document Request #1 (**Exh. A**), the Defendants has interposed extensive objection grounds (**Exh. C**), which should be overruled for the following reasons: The sought documents can be used by Plaintiff for the relevant purpose of intent or impeachment against defendant Nagy, defendant Griffin's personal involvement under the **Colon** standard (**Samuels v. Prack**, 2017 WL 934706, at *5 (SDNY, 2017), and punitive award enhancement factors against defendants Nagy and Griffin, Fed.R.Civ.P, Rule 34(a); Fed.R.Evid.R., Rule 404(b), 608(b). Further, defendants security concerns are speculative, claims of privilege has been waived by failing to timely serve a privilege log as required by F.R.CIV.P, Rule 26(b)(5)(A)(ii), and any other grounds are otherwise ipse dixit assertions that pales against fact finding in a § 1983 case. Thus, Defendants' objections should be overruled, and Defendants compelled to Produce Responsive Documents to Plaintiff.

Regarding Plaintiff's Second-Set Document Request #2 (**Exh. A**), the Defendants has interposed objection grounds (**Exh. C**), which should be overruled for the following reasons: DOCCS Inspector General's Office files retention policy does not have a three (3) year statute of limitation and thereby is nothing more than an ipse dixit assertion. The sought documents can be used by Plaintiff for the relevant purpose of intent or

impeachment against Defendant Nagy and Griffin, Griffin's personal involvement under the **Colon** standard (above-mentioned), and punitive damage award enhancement purposes. Thus, Defendants' objections should be overruled, and Defendants compelled to Produce Responsive Documents to Plaintiff.

Regarding Plaintiff's Second-Set Document Request #3 (**Exh. A**), the Defendant interposed objection grounds (**Exh. C**), should be overruled for the following reasons:

The requested materials are warranted by Plaintiff's allegations that defendant Nagy "maliciously released canisters of chemical agents [upon Plaintiff] in spite of being aware that [no legitimate purpose for doing existed]" thereby constituting abnormal behavior suggesting a need for psychological counselling or treatment including for issues of anger management and potential substance abuse. The material may also shed light on the motive behind Nagy's use of such extreme excessive force. Further, defendants multi-layered claims(s) of privilege has been waived by failing to timely serve a required privilege log (Rule, 26(b)(5)(A)(ii); **A.I.A. Holdings, SA v. Lehman Bros. Inc.,** 2000 WL 1538003 (SDNY, 2010)), and further , defendants' remaining objections are simply conclusory, blanket, and/or ipse dixit insufficient assertions that cannot be used to impede Plaintiff's § 1983 fact finding process. Thus, defendants objections should be overruled, and defendants compelled to produce the responsive documents to plaintiff.

Regarding Plaintiff's Second-Set Document Request #4 (**Exh. A**), the Dfendants interposed objection grounds (**Exh. C**), should be overruled for the following reasons:

The requested materials are warranted by Plaintiff's allegations that defendant Nagy "maliciously released canisters of chemical agents [upon Plaintiff] in spite of being aware that [no legitimate purpose for doing so existed] thereby constituting abnormal behavior suggesting a need for psychological counselling or treatment including for issues of anger management and potential substance abuse. The material may also shed light on the motive behind Nagy's use of such extreme excessive force. Further, defendants multi-layered claims(s) of privilege has been waived by failing to timely serve a required privilege log (Rule, 26(b)(5)(A)(ii); **A.I.A. Holdings, SA v. Lehman Bros. Inc., supra,** (SDNY, 2010), and further, defendants' remaining objections are simply conclusory, blanket, and/or ipse dixit insufficient assertions that cannot be used to impede Plaintiff's § 1983 fact finding process. Thus, defendants objections should be overruled, and defendants compelled to produce the responsive documents to plaintiff.

Regarding Plaintiff's Second-Set Document Request #5 (**Exh. A**), the defendants interposed objection grounds (**Exh. C**), should be overruled for the following reasons:

Plaintiff hereby re-asserts the reasons above paragraph.

Regarding Plaintiff' Second-Set Document Request #6 (**Exh. A**), the defendants interposed objection grounds (**Exh. C**), should be overruled for the following reasons:

Plaintiff hereby re-asserts the reasons in above paragraph.

Notwithstanding, the above-mentioned, the Defendants failed to serve their response to Plaintiff's Second-Set Documents Request within 30 days, required by Rule 34(b)(2), and thereby has further waived any objections they may have had.

Plaintiff respectfully submit that Defendants failure to disclose or produce discoverable materials in response to Plaintiff's Request to Produce (Second-Set Document Request) which is the subject of this motion was without sufficient justification, and thereby, Plaintiff seeks, as a sanction pursuant to F.R.Civ.P., Rule 37(a)(5)(A), or alternatively, Rule 37(c)(2), $3000.00 as reasonable legal assistance fees for time expended by Plaintiff's legal assistant (Legal Services Research) in the preparing and filing of Plaintiff's motion (**Exh. D**) (20 hours x $150.00/hour as permitted by the PLRA § 803(d); 42 USC § 1997e(d)_.

Accordingly, Plaintiff respectfully request that this Court issue an Order overruling each of the Defendants objections, compelling the Defendant to Produce the requested materials to the Plaintiff, and directing forthwith payment of the legal assistant fees to Legal Services Research by the Defendants, along with such other and further relief the Court deems just and proper.

Dated: January 18, 2018
Auburn, New York

Respectfully submitted,

Jeffrey Culbreath #95B1028
Auburn Corr. Fac.
135 State Street
Auburn, New York 13021
Plainttiff, Pro-se

3 of 4

Prepared by:

Legal Services Research
Attn.: Dana J. Reed
4281 Sweet Meadow Lane
Ellenwood, GA 30294

For:
Jeffrey Culbreath
Plaintiff, Pro-se

Courtesy to:

Chambers of
Hon. Lisa M. Smith (USMJ)
Southern District of New York
300 Quarropas Street
White Plains, New York 10601


To:

Julinda Dawkins, AAG
State of New York
Office of the Attorney General
120 Broadway, 24th Floor
Attorney for Defendants

4 of 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
CULBREATH V. GRIFFIN, 17-CV-3406 (KMK) (LMS)
MOTION TO COMPEL (RULE 37)
DATED: January 18, 2018

EXHIBITS

EXH. "A" thru EXH. "D"

PREPARED FOR:

Jeffrey Culbreath #95B1028
Plantiff, Pro-se

PREPARED BY:

LEGAL SERVICES RESEARCH
Attn.: DANA J. REED
4281 SWEET MEADOW LANE
ELLENWOOD, GA 30294
LEGAL ASSISTANT for PLAINTIFF, Pro-se

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEFFREY CULBREATH,
                    Plaintiff,

        -against-

THOMAS GRIFFIN, et. al.
                    Defendants.

SECOND SET OF PLAINTIFF'S
REQUEST FOR DOCUMENTS
PURSUANT TO RULE 34 AND
LOCAL CIVIL RULE 33.2

17-CV-3406 (KMK)

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, and Rule 33.2 of this court's local rules, Plaintiff Jeffrey Culbreath, hereby requests that the defendants Thomas Griffin, Michael T. Nagy, and MARK TOKARZ, all employees of the New York State Department of Corrections and Community Supervision ("DOCCS") at the time relevant to this action ("Collectively "defendants"), produce the following:

## DOCUMENTS

① The personnel file for Michael T. Nagy (a complete copy thereof or production for inspection & copying by Plaintiff of relevant portions).

② The production of all files of the DOCCS Inspector General ("the IG") relating to investigations of defendant Nagy by the IG involving conduct similar, i.e., excessive force against inmates, or/and in which defendant Nagy made any statements to IG investigators concerning the investigation of another person.

pg. 1 of 2.

③ All documents regarding any Mental Health treatment or counseling records defendant Nagy May have received from 2012 to present.

④ All documents regarding any support or counseling requested and/or received by the Defendant Nagy provided by Doccs as part of an employee assistance program.

⑤ All documents regarding defendant Nagy's participation in programs, couse counselling or treatment related to Anger Management or Anger impulse control issues.

⑥ All documents regarding defendant Nagy's participation in drug or alcohol abuse counseling and/or treatment.

<u>ADVISORY</u>

⑦ Defendants are advised to have all the said items produced and delivered to Plaintiff within 30 days of the Service of this discovery Request.

Dated & Mailed: 11/30/17
Auburn, N.Y.

Respectfully Submitted,

Jeffrey Culbreath #95B1088
Auburn, C. F,
135 State Street
Auburn, N.Y. 13024
Plaintiff, Pro-se

(Plaintiff's Copy)

Pg. 2 of 2.

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JEFFREY CULBREATH,                :        17 CV 3406 (KMK)(LMS)
                                      :
          Plaintiff,         :        DEFENDANTS'
                                      :        RESPONSES TO
      -against-          :        PLAINTIFF'S SECOND
                                      :        SET OF REQUESTS
THOMAS GRIFFIN, et al.,       :        FOR DOCUMENTS
                                      :
         Defendants.        :
                                      :
-----------------------------------------------------------X

Defendants, by their attorney ERIC T. SCHNEIDERMAN, Attorney General of the State of New York, as and for their response to Plaintiff's Second Set of Document Requests, state as follows:

## RESERVATION OF RIGHTS

Defendants hereby reserves all objections as to the admissibility of the following responses into evidence at the trial of this action, or in any other proceeding on any and all grounds, including, but not limited to competency, relevancy, materiality, and privilege.

In the event that discovery or other pre-trial preparation results in the identification of new information that is responsive to the document requests, defendants hereby reserve the right to supplement, clarify, revise or correct his response to Plaintiff's Second Set of Document Requests.

## GENERAL OBJECTIONS

Defendants assert the following General Objections, which are incorporated by reference in each specific response to each request:

1.      The objections and statements set forth in this section apply to each of plaintiff's requests as if such objections were set forth in full response to the request and are not necessarily repeated in response to each individual request. The assertion of the same, similar, or additional objections in defendants' specific objections to an individual request, or the failure to assert any additional objection to a request, does not waive any of defendants' objections set forth in this section.

2.      Defendants object to the requests to the extent that they seek information in the possession, custody or control of persons other than the defendants, not known to the defendants, nor readily ascertainable by the defendants, or to the extent that they purport to call for information concerning or contained in documents that are no longer in existence, were never in existence, or are no longer in the possession, custody or control of the defendants.

3.      Defendants object to the requests on the basis that they are overly broad, unduly burdensome, and not temporally relevant to the extent that they seek information outside of the applicable three year statute of limitations for this matter.

4.      By providing the documents and information below, defendants do not in any way waive or intend to waive and are preserving (a) all objections to competency, relevance, materiality and admissibility of the responses or the subject matter thereof; (b) all objections as to vagueness, ambiguity, or undue burden; all rights to object on any ground to the use of any of said responses or the subject matter thereof, in any subsequent proceeding, including the trial of this or any other action; and (d) all right to object on any ground to any request for further responses to these or any discovery requests involving or relating to the subject matter of these requests.

5.      Defendants object to each request to the extent that it seeks information or documents protected from discovery by the attorney-client, work product, public interest, official information, executive, deliberative process, self-critical analysis and/or official investigatory privileges, or any other applicable state or federal privilege or doctrine. Nothing contained in these objections or in response to any individual request is intended as, or shall in any way be deemed as, a waiver of the attorney-client, work product, public interest, official information, executive, self-critical analysis and/or official investigatory privileges, or any other applicable state or federal privilege or doctrine. Any production of such information would be inadvertent.

6.      Defendants object to each request to the extent that it seeks information that is beyond the scope of discovery under the Federal or Southern District Rules.

7.      Defendants object to each request to the extent it seeks information, including documents generated by other individuals, organizations, state agencies or other entities that is not in the possession, custody or control of defendants.

8.      Defendants object to each request to the extent that it is vague, ambiguous, overly broad, and unduly burdensome or intended to harass and impose unnecessary expense.

9.      Defendants object to each request to the extent that disclosure of the requested information could jeopardize institutional safety and security, correctional goals and the safety of staff.

10.     Defendants object to each request to the extent it seeks information that is a matter of public record or equally available to plaintiff.

11.     This response is based upon information known to or believed by defendants at the time of responding to these requests. Defendants reserve the right to amend this response if they learn of new information through discovery or otherwise and will supplement this response to the extent required.

12.     The fact that defendants state that they will produce any non-objectionable and non-privileged information does not mean that such documents or information exists. By referring plaintiff to documents, defendants do not concede the admissibility or relevance of any document produced or referred to or that the document is original, true, accurate, complete, or authentic. Defendants reserve the right to challenge the competency, relevance, materiality, and admissibility of, or to object on any ground to the use of, any information set forth herein or documents produced in any subsequent proceeding or the trial of this or any other action.

13.     Defendants object to each request to the extent it is essentially a verbatim copy of a request defendants served upon plaintiff, and to which plaintiff has not produced any   documentation in response.

14.     Documents may have been redacted or withheld due to the deliberative process privilege as expressly noted in the responses below. Disclosure would also disrupt the order and effective functioning of the correctional facility, and would jeopardize institutional safety and correctional goals and the safety of staff.

15.     Defendants object to each request to the extent they seek information not relevant to the claim or defense of any party.

16.     Defendants object to each request to the extent they seek documents that are readily available to plaintiff outside of discovery.

4

17.     Defendants object to the Instructions contained in Plaintiff's Second Request for Production of Documents to the extent that they are unduly overbroad and/or burdensome and are  beyond the scope of discovery under the Federal or Southern District Rules.

18.     Defendant objects to each request to the extent they assume facts that were denied by defendants, or of which defendants denied knowledge or information, in defendants' Answers. Defendants' responses to these requests may not be construed as admissions to any facts alleged or assumed in the requests.

Without waiving the foregoing objections, defendants respond as follows:

### DOCUMENTS

**Document Request No. 1**

The personal [sic] file for Michael T. Nagy (a complete copy thereof or production for inspection and copying by plaintiff of relevant portions).

**Response No. 1**

Defendants object to Document Request No. 1 on the grounds that disclosure of the requested materials to an inmate would jeopardize institutional safety and correctional goals and the safety of staff, by subjecting staff to intimidation, harassment and/or extortion, would disrupt the order and effective functioning of the correctional facility, the requested information is privileged and confidential under N.Y. Civ. Rights Law § 50-a, and on the ground that disclosure would constitute an unwarranted invasion of privacy, and that the burden of the proposed discovery outweighs its likely benefit. Notwithstanding these objections, pursuant to the Court's November 30, 2017 Order, the

personnel file for three years prior to August 3, 2015 will be submitted to Magistrate

Judge Smith for an in camera review on January 16, 2018.

**Document Request No. 2**

The production of all files of the DOCCS Inspector General ("the IG") relating to

investigations of Defendant Nagy by the IG involving conduct similar, i.e., excessive

force against inmates, or/and in which Defendant Nagy made any statements to IG

investigators concerning the investigation of another person.

**Response No. 2**

Defendants object to Document Request No. 2 on the grounds that it seeks

documents relating to events outside of the applicable three year statute of limitations.

Defendants further object to this request on the grounds that it is not proportional to the

needs of the case and seeks documents that are improper propensity evidence.

Notwithstanding these objections, pursuant to the Court's November 30, 2017 Order, the

investigative files for three years prior to August 3, 2015 will be submitted to Magistrate

Judge Smith for an in camera review on January 16, 2018.

**Document Request No. 3**

All documents regarding any mental health treatment or counseling records

defendant Nagy may have received from 2012 to the present.

**Response No. 3**

Defendants object to Document Request No. 2 on the grounds that disclosure of

the requested materials to an inmate would jeopardize institutional safety and correctional

goals and the safety of staff, by subjecting staff to intimidation, harassment and/or

extortion, would disrupt the order and effective functioning of the correctional facility,

the requested information is privileged and confidential under N.Y. Civ. Rights Law §

50-a, and on the ground that disclosure would constitute an unwarranted invasion of

privacy, violates Health Insurance Portability and Accountability Act ("HIPAA") and

New York State Mental Hygiene Law § 33.13, and that the burden of the proposed

discovery outweighs its likely benefit. Responsive documents, if any, are withheld on the

basis of the foregoing objections.

**Document Request No. 4**

    All documents regarding any support or counseling requested and/or received by

the defendant Nagy provided by DOCCS as part of an employee assistance program.

**Response No. 4**

    <u>See</u> Response No. 3 above.

**Document Request No. 5**

    All documents regarding defendant Nagy's participation in programs, counselling

or treatment related to anger management or anger impulse control issues.

**Response No. 5**

    <u>See</u> Response No. 3 above.

**Document Request No. 6**

    All documents regarding defendant Nagy's participation in drug or alcohol abuse

counseling and/or treatment.

**Response No. 6**

    <u>See</u> Response No. 3 above.

Dated: New York, New York
      December 28, 2017

                                           ERIC T. SCHNEIDERMAN
                                           Attorney General of the State of New
                                           York
                                           <u>Attorney for Defendants</u>

                                           By:   /s/                
                                           Julinda Dawkins
                                           120 Broadway, 24th Floor
                                           New York, NY 10271
                                           (212) 416-8118

To:     Jeffrey Culbreath
          DIN 95-B-1028
          Auburn Correctional Facility
          135 State Street
          P.O. Box 618
          Auburn, NY 13021

8

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JEFFREY CULBREATH,                  :       17 CV 3406 (KMK)(LMS)
                              :
            Plaintiff,        :       DEFENDANTS' REVISED
                              :       RESPONSES TO
       -against-        :       PLAINTIFF'S SECOND
                              :       SET OF REQUESTS
THOMAS GRIFFIN, et al.,        :       FOR DOCUMENTS
                              :
           Defendants.      :
                              :
-----------------------------------------------------------X

Defendants, by their attorney ERIC T. SCHNEIDERMAN, Attorney General of

the State of New York, as and for their response to Plaintiff's Second Set of Document

Requests, state as follows:

### RESERVATION OF RIGHTS

Defendants hereby reserves all objections as to the admissibility of the following

responses into evidence at the trial of this action, or in any other proceeding on any and

all grounds, including, but not limited to competency, relevancy, materiality, and

privilege.

In the event that discovery or other pre-trial preparation results in the

identification of new information that is responsive to the document requests, defendants

hereby reserve the right to supplement, clarify, revise or correct his response to Plaintiff's

Second Set of Document Requests.

### DOCUMENTS

**Document Request No. 1**

The personal [sic] file for Michael T. Nagy (a complete copy thereof or

production for inspection and copying by plaintiff of relevant portions).

1

**Response No. 1**

Defendants object to Document Request No. 1 on the grounds that disclosure of the requested materials to an inmate would jeopardize institutional safety and correctional goals and the safety of staff, by subjecting staff to intimidation, harassment and/or extortion, would disrupt the order and effective functioning of the correctional facility, the requested information is privileged and confidential under N.Y. Civ. Rights Law § 50-a, and on the ground that disclosure would constitute an unwarranted invasion of privacy, and that the burden of the proposed discovery outweighs its likely benefit. Notwithstanding these objections, pursuant to the Court's November 30, 2017 Order, the personnel file for three years prior to August 3, 2015 will be submitted to Magistrate Judge Smith for an in camera review on January 16, 2018.

**Document Request No. 2**

The production of all files of the DOCCS Inspector General ("the IG") relating to investigations of Defendant Nagy by the IG involving conduct similar, i.e., excessive force against inmates, or/and in which Defendant Nagy made any statements to IG investigators concerning the investigation of another person.

**Response No. 2**

Defendants object to Document Request No. 2 on the grounds that it seeks documents relating to events outside of the applicable three year statute of limitations, and that the documents are not relevant due to their staleness. Defendants further object to this request on the grounds that it is not proportional to the needs of the case and seeks documents that are improper propensity evidence. Notwithstanding these objections, pursuant to the Court's November 30, 2017 Order, the investigative files for three years

prior to August 3, 2015 will be submitted to Magistrate Judge Smith for an in camera review on January 16, 2018.

**Document Request No. 3**

All documents regarding any mental health treatment or counseling records defendant Nagy may have received from 2012 to the present.

**Response No. 3**

Defendants object to Document Request No. 2 on the grounds that disclosure of the requested materials to an inmate would jeopardize institutional safety and correctional goals and the safety of staff, by subjecting staff to intimidation, harassment and/or extortion, would disrupt the order and effective functioning of the correctional facility, the requested information is privileged and confidential under N.Y. Civ. Rights Law § 50-a, and on the ground that disclosure would constitute an unwarranted invasion of privacy, violates Health Insurance Portability and Accountability Act ("HIPAA") and New York State Mental Hygiene Law § 33.13, and that the burden of the proposed discovery outweighs its likely benefit and proportionality. Responsive documents, if any, are withheld on the basis of the foregoing objections.

**Document Request No. 4**

All documents regarding any support or counseling requested and/or received by the defendant Nagy provided by DOCCS as part of an employee assistance program.

**Response No. 4**

See Response No. 3 above.

**Document Request No. 5**

  All documents regarding defendant Nagy's participation in programs, counselling

or treatment related to anger management or anger impulse control issues.

**Response No. 5**

  <u>See</u> Response No. 3 above.

**Document Request No. 6**

  All documents regarding defendant Nagy's participation in drug or alcohol abuse

counseling and/or treatment.

**Response No. 6**

  <u>See</u> Response No. 3 above.

Dated: New York, New York
   December 29, 2017

        ERIC T. SCHNEIDERMAN
        Attorney General of the State of New
        York
        <u>Attorney for Defendants</u>

        By: <u> /s/    </u>
        Julinda Dawkins
        120 Broadway, 24th Floor
        New York, NY 10271
        (212) 416-8118

To: Jeffrey Culbreath
  DIN 95-B-1028
  Auburn Correctional Facility
  135 State Street
  P.O. Box 618
  Auburn, NY 13021

# EXHIBIT D

LEGAL SERVICES RESEARCH
Email: Research_Legal@yahoo.com

Case: Culbreath v. Griffin, et. al., 17-CV-3406 (KMK) (LMS)
      USDC,SDNY

Subject: Service Fees Computation (Rule 37 Motion to Compel)
         Second-Set Document Request

Assigned to: Group A Research Team

Fee Rate: $150.00/hour

### ITEMIZATION OF SERVICES AND TIME

| | |
|---|---|
| Relevant Paperwork Review | 4 Hours |
| Legal Concept Development | 5 Hours |
| Caselaw Research Activities | 5 Hours |
| Legal Concept Refinement | 4 Hours |
| Motion Production | 2 Hours |
| Total Service Hours | 20 Hours |
| Service Fee Rate | $150.00/hour |

I, DANA J. REED, owner of LEGAL SERVICES RESEARCH, hereby certify, under the penalty of perjury, that the foregoing account of services and fees are true and correct to the best of my knowledge.

Dated: January 18, 2018
Ellenwood, GA

Respectfully executed,

DANA J. REED (OWNER)
LEGAL SERVICES RESEARCH
ATTN.: DANA J. REED
4281 SWEET MEADOW LANE
ELLENWOOD, G.A. 30294

Jeffrey Culbreath #95B1028
Auburn Corr. Fac.
135 State Street
Auburn N.Y. 13024

USM P3
SDNY

United States District Court
SDNY/ U.S. Courthouse
Attn:: Pro-Se Intake
500 Pearl Street
N.Y., N.Y. 10007



AUBURN CORRECTIONAL FACILITY