Jeffrey Culbreath
#95B1028
Auburn Correctional Facility
135 State Street
Auburn, New York 13024
Plaintiff, Pro-se
January 17, 2018



<u>Culbreath v. Griffin, et. al., 17-CV-3406 (KMK) (LMS)</u>

Dear Judge Smith:

I am the Plaintiff appearing pro-se in the above-captioned matter, and I am writing to request that the Court compel Defendants to produce certain documents, photos and video footage that are relevant and material to the Plaintiff's cause of action. In accordance with Local Civil Rule 37.3(a), I have conferred with the Defendants attorney in good faith and have been unable to resolve this issue.

On November 28, 2017, Plaintiff served the Defendants with a request for documents, photos and video footage (<u>Exh. A</u>). On January 2, 2018, in excess of 30 days, Plaintiff was served with the Defendants' Responses to Plaintiff's Request For Documents, Photos and Videos (<u>Exh. B</u>), and January 3, 2018, the Defendants served Plaintiff with a Revised Response (<u>Exh. C</u>). In pertinent part serving the basis for this motion, the Defendants Responses in <u>Exh. B</u> and <u>Exh. C</u> are worded identically.

Regarding Plaintiff Document Request #2 (<u>Exh. A</u>) as it relates to the August 3, 2015 incident mentioned in Plaintiff's complaint, defendants objections to Plaintiff's request as vague and overly broad because it lacks a specific time-frame must be overruled (<u>Exh. C</u>). The deployed chemicals central to the request are the ones mentioned by specific date in the complaint. Defendants' further objection that disclosure to Plaintiff would jeopardize institutional safety or security is conclusory, blanket and thereby insufficient, and should be overruled, and likewise for Defendants' objection that the request seeks documents relating to events outside the three year statute of limitation. Thus, Defendants should be compelled to provide Plaintiff with the withheld responsive documents.

Regarding Plaintiff Document Request #3 (<u>Exh. A</u>) as it relates to the August 3, 2015 incident mentioned in Plaintiff's complaint, defendants objection to Plaintiff's request as vague and overly broad because it lacks a specific time-frame must be

1 of 5

overruled (Exh. C). The deployed chemicals central to the request are the ones mentioned by specific date in the complaint. Defendants further objection that disclosure to an inmate would jeopardize institutional safety or security and otherwise is conclusory, blanket and thereby insufficient, and should be overruled. Thus, Defendants should be compelled to provide Plaintiff with the withheld responsive documents.

Regarding Plaintiff's Document Request # 4 as it relates to the August 3, 2015 incident mentioned in Plaintiff's complaint, defendants objection to Plaintiff's request as vague and overly broad because it lacks a specific time-frame must be overruled (Exh. C). The deployed chemicals central to the request are the ones mentioned by specific date in the complaint. Defendants further objection that disclosure to an inmate would jeopardize institutional safety or security and otherwise is conclusory, blanket and thereby insufficient, and should be overruled. Thus, Defendants should be compelled to provide Plaintiff with the withheld responsive documents.

Regarding Plaintiff's Document Request # 5 as it relates to the August 3, 2015 incident mentioned in Plaintiff's complaint, defendants objection to Plaintiff's request as vague and overly broad because it lacks a specific time-frame must be overruled (Exh. C). The deployed chemicals central to the request are the ones mentioned by specific date in the complaint. Defendants further objection that disclosure to an inmate would jeopardize institutional safety or security and otherwise is conclusory, blanket and thereby insufficient, and should be overruled. Thus, Defendants should be compelled to provide Plaintiff with the withheld responsive documents.

Regarding Plaintiff's Document Request #6 (Exh. A) as it relates to the August 3, 2015 incident mentioned in Plaintiff's complaint, defendants objection to Plaintiff's request as irrelevant must be overruled. The requested material speaks to Defendant Nagy's state of mind as being malicious because his actions were unambiguously outside his training in chemical agent deployment, and this in turn also heightens the deserving punitive award for plaintiff. As for defendants law-enforcement privilege assertion, it is well-established that as regards the law-enforcement privilege assertion, failure to serve timely, i.e., within 30 days of service of the request for production, a privilege log, in accordance with Rule 26(b)(5)(A)(ii), waives the privilege (See, A.I.A Holdings, SA v. Lehman Bros. Inc, 2000 WL 1538003 (S.D.N.Y., 2010). Thus, Defendants should be compelled to provide Plaintiff with the withheld responsive documents.

Regarding Plaintiff's Request #7 (Exh. A) as it relates to the August 3, 2015 incident mentioned in the Plaintiff's complaint, defendants objection to Plaintiff's request as outside the applicable three year statute of limitation (Exh. C) must be

overruled as unfounded. Defendant further objections that this request is burdensome, not proportional to the case needs and improper propensity evidence are simply pointless, meritless, and must be overruled. Plaintiff's request is limited to inmate grievances filed against Defendant Nagy for a particular type of misconduct (similar to that in this cause of action) which serves to show defendant Nagy's intent to, and pattern of, using excessive force (**Unger v. Cohen**, 125 F.R.D. 67, 70 (SDNY, 1989)) and Defendant Griffin's personal involvement via the **Colon** standard as applied by this very Court (**Samuels v. Preck**, 2017 WL 934706 (SDNY, 2017)). Further, the more inmate grievances of this particular category that exist, it correspondingly increases the punitive damages. Thus, Defendants should be compelled to provide Plaintiff with the withheld responsive documents.

Regarding Plaintiff's Document Request #8 (**Exh. A**) as it relates to the specific time frame between severe chemical agent exposure and access to appropriate decontamination, defendants objection to Plaintiff's request as vague and overly broad because it lacks a specific time frame (**Exh. C**) should be overruled as meritless. Defendants further objection that disclosure to an inmate would jeopardize institutional safety or security and otherwise is conclusory, meritless, blanket and thereby insufficient, and should be overruled. Thus, Defendants should be compelled to provide Plaintiff with the withheld responsive documents.

Regarding Plaintiff's Document Request #9 (**Exh. A**) as it relates to the User Manual for the C and D Yard security booth's Digital/Video Camera, defendants objection to Plaintiff's request as vague (**Exh. C**) should be overruled as meritless. Defendant Griffin has acknowledged that said area is equipped with said camera in his #6 Interrogatory Response. Defendant's further objection that disclosure to an inmate would jeopardize institutional safety or security and otherwise is conclusory, unfounded, meritless, and should be overruled. Thus, Defendants should be compelled to provide Plaintiff with the withheld responsive documents.

Regarding Plaintiff's Document Request #11 (**Exh. A**), it is relevant to the state of mind of Defendants Nagy and Tokarz in relationship to their actions and/or inactions giving rise to the constitutional violations hereto related, therefore defendants objection to Plaintiff's request as irrelevant (**Exh. C**) should be overruled. Defendants further objection that disclosure is protected by the law-enforcement privilege is waived for defendants failure to timely serve a privilege log and should be overruled. As for defendants objection that disclosure to an inmate would threaten the safety and security of the correctional

facility it is waived, conclusory, unfounded, meritless and insufficient, and should be overruled. Thus, defendants should be compelled to provide Plaintiff with the withheld responsive documents.

Regarding Plaintiff's Document (Photo) Request #13 (**Exh. A**) as it relates to the August 3, 2015 incident mentioned in Plaintiff's Complaint, defendants objection that the request is overly broad (**Exh. C**) is meritless and must be overruled. Defendants further objections for security and safety reasons were waived, are blanket, meritless, unfounded, insufficient, and should be overruled. Thus Defendants should be compelled to provide Plaintiff with the equivalent of photos such as Blue Prints and/or Diagrams of the area relating to where the August 3, 2015 incident occurred.

Regarding Plaintiff's Document Request #15 (Exh.A) as it relates to the August 3, 2015 incident mentioned in the Plaintiff's Complaint, defendants objection that the request is overly broad because it lacks a time-frame (**Exh. C**) is meritless and must be overruled. Defendants further objections for security and safety reasons were waived, are blanket, meritless, unfounded, insufficient, and should be overruled. Further, according to BATES NUMBER CULBREATH 000035 (**Exh. D**), the requested materials (photos) do exist, and therefore the defendants response in this regard misrepresents correctness. Thus, defendants should be compelled to provide Plaintiff with the requested photos.

Regarding Plaintiff's Document (Staff Training Video) Request #16 (**Exh. A**), defendants objections thereto as it relates to specific timeframe is meritless and should be overruled. Defendants further objections on security and safety concerns are waived as untimely, unfounded, conclusory, blanket, meritless, and insufficient, and should be overruled. Thus, defendants should be compelled to provide Plaintiff with the withheld responsive video.

Additionally, nothwithstanding the above-stated, the defendants failed to timely respond to Plaintiff's Requests within 30 days, as required by Rule 34(b)(2), and thereby has waived any objections they may have had.

Plaintiff respectfully submit that Defendants failure to disclose or produce discoverable materials in response to Plaintiff's Request to Produce which is the subject of this motion was without sufficient justification, and thereby, Plaintiff seeks, as a sanction pursuant to Fed.R.Civ.P. 37(a)(5)(A), or alternatively, 37(c)(2), $3000.00 as reasonable legal assistance fees for time expended by Plaintiff's legal assistant (Legal services Research) in the preparing and filing of Plaintiff's motion (**Exh. E**) (20 hours x $150.00/hour as permitted by the PLRA § 803(d); 42 USC § 1997e(d)).

Accordingly, Plaintiff respectfully request that this Court issue an Order overruling each of the Defendants objections, compelling the Defendant to Produce the requested materials to the Plaintiff, and directing forthwith payment of the legal assistant fees to Legal Services Research by the Defendants, along with such other and further relief the Court deems just and proper.

Dated: January 17, 2018
Auburn, New York

Respectfully submitted,

*Jeffrey Culbreath*
Jeffrey Culbreath
#95B1028                                        #95B1028
                                                Auburn Corr. Fac.
                                                135 State Street
                                                Auburn, New York 13024
                                                Plaintiff, Pro-se

Prepared by: Legal Services Research
             Attn.: Dana J. Reed
             4281 Sweet Meadow Lane
             Ellenwood, GA 30294


For:

Jeffrey Culbreath
Plaintiff, Pro-se

Courtesy copy to:

Chambers of
Hon. Lisa M. Smith (USMJ)
United State District of New York
300 Quarropas Street
White Plains, New York 10601

To:
Julinda Dawkins, AAG
State of New York
Office of the Attorney General
120 Broadway, 24th Floor
New York, N.Y. 10271
Attorney for Defendants

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
CULBREATH V. GRIFFIN, et. al.,
17-CV-3406 (KMK) (LMS)
(MOTION TO COMPEL)
FRCP, RULE 37
Dated: January 17, 2018

EXHIBITS

EXHIBITS "A" thru "E"

Prepared for:
Jeffrey Culbreath
#95B1028
135 State Street
Auburn, New York 13024
Plaintiff, Pro-se

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEFFREY CULBREATH,
        Plaintiff,

     —against—

THOMAS GRIFFIN, et al,
        Defendants.

Petitioner's Request
For Documents, Photos and
Videos, Pursuant Rule 34
of the F.R.C.P. and Local
Civil Rule 33.2

17-CV-3406 (KMK)

Pursuant to Rule 34 of the Federal Rule of Civil Procedure and this Court's Local Civil Rule 33.2, the Plaintiff JEFFREY CULBREATH, hereby Request for Defendants THOMAS GRIFFIN, MICHAEL T. NAGY, and MARK A. TOKARZ, all employees of the New York State Department of Corrections and Community Supervision ("DOCCS") at the time relevant to this Action (collectively) (defendants), to produce to the Plaintiff the following:

## DOCUMENTS

(1) A Copy of the "GO-AROUND SLIP" for the A.M. time period on August 3, 2015 for H-Block 6 Company.

(2) A copy of the relevant documentation that identifies when the deployed chemical Agents were loaded in their chambers.

(3) A copy of the relevant documentation that reveal the Actual NAME of the chemical agents that were deployed (yellow, orange and Red chemical agents).

(4) A copy of the relevant documentation that reveal the NAME of the MANUFACTURER of the deployed chemical agents.

(5) A copy of the relevant documentation that reveals the full listing of the ingredients of the deployed chemical agents.

Pg. 1 of 3

(6) A Copy of the NYSDOCCS Training protocol as to the when and when not relative to Chemical Agent deployment.

(7) A Copy of every grievance filed against defendant Nagy by inmates at Greenhaven Corr. Fac. for threats, assault, and abuse of authority, and use of excessive force.

(8) A Copy of all the documentation identifying the time span between an inmates severe exposure and an inmate's access to the appropriate decontamination procedures.

(9) A copy of the User Manual for the Digital/Video Camera stationed in the C and D Yard security gun tower booth on August 3, 2015.

(10) A copy of the User Manual for the Digital / Video Camera stationed in the West Mess Hall's Gas booth on August 3, 2015.

(11) A Copy of NYSDOCCS departmental directive # 4903. (unredacted).


## PHOTOS

(12) A complete Clear photo Copy of the photos Stored in, or extracted from, the Digital Camera stationed in the C&D West Yard gun tower activated during the evacuation stage of the incident on August 3, 2015.

(13) Clear color photos of the entire West MessHall from every visual Angle (including the view to & from the Gas Booth and the ceilings where the chemical agents canisters are loaded).


pg 2 of 3

(14) Clear color photos of the West C & D yard from every visual Angle (including the view to & from the security gun booth where the digital camera is stationed).

(15) Clear color copies of all the Use of force (UOF) photos that were taken (unrelated to inmates and Staff Members being seen by Medical).

## VIDEOS

(16) Access to watch the Staff training Video as it relates to Use of force via chemical agent deployment.

(17) Copies of the video images stored in the digital camera stationed in the C & D west yard's Office's Gun Booth relating to the evacuation process on August 3, 2015 of the related incident.

## ADVISORY

(18) Defendants are advised to have all the said items produced and delivered to plaintiff within 30 days of the service of this discovery request.

Dated & Mailed: 11/08/17
Auburn, N.Y.

Respectfully Submitted,

Jeffrey Culbreath #98B008
Auburn C.f.
135 State Street
Auburn, N.Y. 13024
Plaintiff, Pro Se

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

| | | |
|---|---|---|
| JEFFREY CULBREATH, | : | 17 CV 3406 (KMK)(LMS) |
| | : | |
| Plaintiff, | : | DEFENDANTS' |
| | : | RESPONSES TO |
| -against- | : | PLAINTIFF'S REQUEST |
| | : | FOR DOCUMENTS, |
| THOMAS GRIFFIN, et al., | : | PHOTOS AND VIDEOS |
| | : | |
| Defendants. | : | |
| | : | |

-------------------------------------------------------------X

Defendants, by their attorney ERIC T. SCHNEIDERMAN, Attorney General of

the State of New York, as and for their response to Plaintiff's Request for Documents,

Photos, and Videos, state as follows:

## RESERVATION OF RIGHTS

Defendants hereby reserves all objections as to the admissibility of the following

responses into evidence at the trial of this action, or in any other proceeding on any and

all grounds, including, but not limited to competency, relevancy, materiality, and

privilege.

In the event that discovery or other pre-trial preparation results in the

identification of new information that is responsive to the document requests, defendants

hereby reserve the right to supplement, clarify, revise or correct their response to

Plaintiff's Request for Documents, Photos, and Videos.

## GENERAL OBJECTIONS

Defendants assert the following General Objections, which are incorporated by

reference in each specific response to each request:

1

1.     The objections and statements set forth in this section apply to each of plaintiff's requests as if such objections were set forth in full response to the request and are not necessarily repeated in response to each individual request. The assertion of the same, similar, or additional objections in defendants' specific objections to an individual request, or the failure to assert any additional objection to a request, does not waive any of defendants' objections set forth in this section.

2.     Defendants object to the requests to the extent that they seek information in the possession, custody or control of persons other than the defendants, not known to the defendants, nor readily ascertainable by the defendants, or to the extent that they purport to call for information concerning or contained in documents that are no longer in existence, were never in existence, or are no longer in the possession, custody or control of the defendants.

3.     Defendants object to the requests on the basis that they are overly broad, unduly burdensome, and not temporally relevant to the extent that they seek information outside of the applicable three year statute of limitations for this matter.

4.     By providing the documents and information below, defendants do not in any way waive or intend to waive and are preserving (a) all objections to competency, relevance, materiality and admissibility of the responses or the subject matter thereof; (b) all objections as to vagueness, ambiguity, or undue burden; all rights to object on any ground to the use of any of said responses or the subject matter thereof, in any subsequent proceeding, including the trial of this or any other action; and (d) all right to object on any ground to any request for further responses to these or any discovery requests involving or relating to the subject matter of these requests.

5.      Defendants object to each request to the extent that it seeks information or documents protected from discovery by the attorney-client, work product, public interest, official information, executive, deliberative process, self-critical analysis and/or official investigatory privileges, or any other applicable state or federal privilege or doctrine. Nothing contained in these objections or in response to any individual request is intended as, or shall in any way be deemed as, a waiver of the attorney-client, work product, public interest, official information, executive, self-critical analysis and/or official investigatory privileges, or any other applicable state or federal privilege or doctrine. Any production of such information would be inadvertent.

6.      Defendants object to each request to the extent that it seeks information that is beyond the scope of discovery under the Federal or Southern District Rules.

7.      Defendants object to each request to the extent it seeks information, including documents generated by other individuals, organizations, state agencies or other entities that is not in the possession, custody or control of defendants.

8.      Defendants object to each request to the extent that it is vague, ambiguous, overly broad, and unduly burdensome or intended to harass and impose unnecessary expense.

9.      Defendants object to each request to the extent that disclosure of the requested information could jeopardize institutional safety and security, correctional goals and the safety of staff.

10.     Defendants object to each request to the extent it seeks information that is a matter of public record or equally available to plaintiff.

3

11.     This response is based upon information known to or believed by defendants at the time of responding to these requests. Defendants reserve the right to amend this response if they learn of new information through discovery or otherwise and will supplement this response to the extent required.

12.     The fact that defendants state that they will produce any non-objectionable and non-privileged information does not mean that such documents or information exists. By referring plaintiff to documents, defendants do not concede the admissibility or relevance of any document produced or referred to or that the document is original, true, accurate, complete, or authentic. Defendants reserve the right to challenge the competency, relevance, materiality, and admissibility of, or to object on any ground to the use of, any information set forth herein or documents produced in any subsequent proceeding or the trial of this or any other action.

13.     Defendants object to each request to the extent it is essentially a verbatim copy of a request defendants served upon plaintiff, and to which plaintiff has not produced any   documentation in response.

14.     Documents may have been redacted or withheld due to the deliberative process privilege as expressly noted in the responses below. Disclosure of which would also disrupt the order and effective functioning of the correctional facility, and would jeopardize institutional safety and correctional goals and the safety of staff.

15.     Defendants object to each request to the extent they seek information not relevant to the claim or defense of any party.

16.     Defendants object to each request to the extent they seek documents that are readily available to plaintiff outside of discovery.

4

17.     Defendants object to the Instructions contained in Plaintiff's Request for Documents, Photos, and Videos, to the extent that they are unduly overbroad and/or burdensome and are beyond the scope of discovery under the Federal or Southern District Rules.

18.     Defendant objects to each request to the extent they assume facts that were denied by defendants, or of which defendants denied knowledge or information, in defendants' Answers. Defendants' responses to these requests may not be construed as admissions to any facts alleged or assumed in the requests.

Without waiving the foregoing objections, defendants respond as follows:

## DOCUMENTS

**Document Request No. 1**

A copy of the "Go-Around Slip" for the A.M. time period on August 3, 2015 for A-Block 6 Company.

**Response No. 1**

After reasonable inquiry, defendants state no responsive documents exist.

**Document Request No. 2**

A copy of the relevant documentation that identifies when the deployed chemical agents were loaded in their chambers.

**Response No. 2**

Defendants object to Document Request No. 2 as vague and overly broad because it lacks a specified timeframe. Defendants further object on the grounds that disclosure of the requested materials to an inmate would jeopardize institutional safety or security, and that it seeks documents relating to events outside of the applicable three year statute of

5

limitations. Responsive documents, if any, are withheld on the basis of the foregoing objections.

**Document Request No. 3**

A copy of the relevant documentation that reveal the actual name of the chemical agents that were deployed (yellow, orange and red chemical agents).

**Response No. 3**

Defendants object to Document Request No. 3 as vague and overly broad because it lacks a specified timeframe. Defendants further object on the grounds that disclosure of the requested materials to an inmate would jeopardize institutional safety or security and that the safety and security interests at stake render the burden of production greater than its likely benefit. Responsive documents, if any, are withheld on the basis of the foregoing objections.

**Document Request No. 4**

A copy of the relevant documentation that reveal the name of the manufacturer of the deployed chemical agents.

**Response No. 4**

Defendants object to Document Request No. 4 as vague and overly broad because it lacks a specified timeframe. Defendants further object on the grounds that disclosure of the requested materials to an inmate would jeopardize institutional safety or security and that the safety and security interests at stake render the burden of production greater than its likely benefit. Responsive documents, if any, are withheld on the basis of the foregoing objections.

6

**Document Request No. 5**

A copy of the relevant documentation that reveals the full listing of the ingredients of the deployed chemical agents.

**Response No. 5**

Defendants object to Document Request No. 5 as vague and overly broad because it lacks a specified timeframe. Defendants further object on the grounds that disclosure of the requested materials to an inmate would jeopardize institutional safety or security and that the safety and security interests at stake render the burden of production greater than its likely benefit. Responsive documents, if any, are withheld on the basis of the foregoing objections.

**Document Request No. 6**

A copy of the NYSDOCCS Training Protocol as to the when and when not relative to chemical agent deployment.

**Response No. 6**

Defendants object to Document Request No. 6 on the ground that New York State Department of Corrections and Community Supervision ("DOCCS") policy and procedure manuals, etc. are irrelevant in a § 1983 claim for alleged constitutional violations. *See e.g., Coles v. Erie Cnty.*, 629 Fed. Appx. 41, 43 (2d Cir. 2015) (violation of State procedural safeguards do not give rise to a constitutional violation). Defendants further object on the ground that the policy and procedure manuals, etc. are protected by the law-enforcement privilege that was designed, in part, to prevent unwarranted disclosure of law enforcement techniques and procedures. *See e.g., United States v. Longueuil,* 567 Fed. Appx. 13 (2d Cir. 2014). Defendants also object on the grounds that

7

disclosure of such materials to an inmate would threaten the safety and security of the correctional facility. Responsive documents, if any, are withheld on the basis of the foregoing objections.

**Document Request No. 7**

A copy of every grievance filed against defendant Nagy by inmates at Greenhaven Corr. Fac. for threats, assault, abuse of authority, and use of excessive force.

**Response No. 7**

Defendants object to Document Request No. 7 on the grounds that it seeks documents relating to events outside of the applicable three year statute of limitations. Defendants further object to this request on the grounds that it is not proportional to the needs of the case and seeks documents that are improper propensity evidence. Notwithstanding these objections, pursuant to the Court's November 30, 2017 Order, the grievances filed against defendant Nagy for three years prior to August 3, 2015 will be submitted to Magistrate Judge Smith for an in camera review on January 16, 2018.

**Document Request No. 8**

A copy of all the documentation identifying the time span between an inmate's severe chemical agent exposure and an inmate's access to the appropriate decontamination procedures.

**Response No. 8**

Defendants object to Document Request No. 8 as vague and overly broad because it lacks a specified timeframe. Defendants further object on the grounds that disclosure of the requested materials to an inmate would jeopardize institutional safety or security and that the safety and security interests at stake render the burden of production greater than

8

its likely benefit. Responsive documents, if any, are withheld on the basis of the foregoing objections.

**Document Request No. 9**

A copy of the User Manual for the Digital/Video camera stationed in the C and D yard security gun tower booth on August 3, 2015.

**Response No. 9**

Defendants object to Document Request No. 9 as vague as the term "stationed" is undefined and assumes facts not established. Defendants further object on the grounds that disclosure of the requested materials to an inmate would jeopardize institutional safety or security and that the safety and security interests at stake render the burden of production greater than its likely benefit. Responsive documents, if any, are withheld on the basis of the foregoing objections.

**Document Request No. 10**

A copy of the User Manual for the Digital/Video camera stationed in the West Mess Hall's Gas booth on August 3, 2015.

**Response No. 10**

Defendants object to Document Request No. 10 as vague as the term "stationed" is undefined and assumes facts not established. Defendants further object on the grounds that disclosure of the requested materials to an inmate would jeopardize institutional safety or security and that the safety and security interests at stake render the burden of production greater than its likely benefit. Notwithstanding this and the general objections, after reasonable inquiry, defendants state no responsive documents exist.

Document Request No. 11

A copy of NYSDOCCS departmental directive #4903. (unredacted).

Response No. 11

Defendants object to Document Request No. 11 on the ground that the DOCCS policy and procedure manuals, etc. are irrelevant in a § 1983 claim for alleged constitutional violations. *See e.g., Coles v. Erie Cnty.*, 629 Fed. Appx. 41, 43 (2d Cir. 2015) (violation of State procedural safeguards do not give rise to a constitutional violation). Defendants further object on the ground that the policy and procedure manuals, etc. are protected by the law-enforcement privilege that was designed, in part, to prevent unwarranted disclosure of law enforcement techniques and procedures. *See e.g., United States v. Longueuil*, 567 Fed. Appx. 13 (2d Cir. 2014). Defendants also object on the grounds that disclosure of such materials to an inmate would threaten the safety and security of the correctional facility. Responsive documents, if any, are withheld on the basis of the foregoing objections.

**Photos**

Document Request No. 12

A complete clear photo copy of the photos stored in, or extracted from, the Digital Camera stationed in the C&D West Yard Gun Tower activated during the evacuation stage of the incident on August 3, 2015.

Response No. 12

Defendants object to Document Request No. 12 as vague as the terms "stationed" and "activated" are undefined and assumes facts not established. Defendants further object on the grounds that disclosure of the requested materials to an inmate would

10

jeopardize institutional safety or security and that the safety and security interests at stake render the burden of production greater than its likely benefit. Notwithstanding this and the general objections, after reasonable inquiry, defendants state no responsive documents exist.

**Document Request No. 13**

Clear color photos of the entire West Mess Hall from every visual angle (including the view to and from the Gas Booth and the ceilings where the chemical agents canisters are loaded).

**Response No. 13**

Defendants object to Document Request No. 13 as overly broad because it lacks a specified timeframe. Defendants further object on the grounds that disclosure of the requested materials to an inmate would jeopardize institutional safety or security and that the safety and security interests at stake render the burden of production greater than its likely benefit. Notwithstanding this and the general objections, after reasonable inquiry, defendants state no responsive documents exist.

**Document Request No. 14**

Clear color photos of the West C & D yard from every visual angle (including the view to and from the security gun booth where the digital camera is stationed).

**Response No. 14**

Defendants object to Document Request No. 14 as overly broad because it lacks a specified timeframe. Defendants further object on the grounds that disclosure of the requested materials to an inmate would jeopardize institutional safety or security and that the safety and security interests at stake render the burden of production greater than its

11

likely benefit. Notwithstanding this and the general objections, after reasonable inquiry, defendants state no responsive documents exist.

**Document Request No. 15**

Clear color copies of <u>all</u> the Use of Force (UOF) photos that were taken (unrelated to inmates and staff members being seen by Medical).

**Response No. 15**

Defendants object to Document Request No. 15 as overly broad because it lacks a specified timeframe. Defendants further object on the grounds that disclosure of the requested materials to an inmate would jeopardize institutional safety or security and that the safety and security interests at stake render the burden of production greater than its likely benefit. Notwithstanding this and the general objections, after reasonable inquiry, defendants state no responsive documents exist.

**Videos**

**Document Request No. 16**

Access to watch the staff training video as it relates to use of force via chemical agent deployment.

**Response No. 16**

Defendants object to Document Request No. 16 as overly broad because it lacks a specified timeframe. Defendants further object on the grounds that disclosure of the requested information to an inmate would jeopardize institutional safety or security and that the safety and security interests at stake render the burden of production greater than its likely benefit. Responsive documents, if any, are withheld on the basis of the foregoing objections.

Document Request No. 17

Copies of the video images stored in the digital camera stationed in the C&D West Yard's Officer's Gun Booth relating to the evacuation process on August 3, 2015 of the related incident.

Response No. 17

Defendants object to Document Request No. 17 as vague as the term "stationed" is undefined and assumes facts not established. Defendants further object on the grounds that disclosure of the requested materials to an inmate would jeopardize institutional safety or security and that the safety and security interests at stake render the burden of production greater than its likely benefit. Notwithstanding this and the general objections, after reasonable inquiry, defendants state no responsive documents exist.

Dated: New York, New York
       December 28, 2017

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
Attorney for Defendants

By: ___/s/_____
Julinda Dawkins
120 Broadway, 24th Floor
New York, NY 10271
(212) 416-8118

To:    Jeffrey Culbreath
       DIN 95-B-1028
       Auburn Correctional Facility
       135 State Street
       P.O. Box 618
       Auburn, NY 13021

13

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

| | | |
|---|---|---|
| JEFFREY CULBREATH, | : | 17 CV 3406 (KMK)(LMS) |
| | : | |
| Plaintiff, | : | DEFENDANTS' REVISED |
| | : | RESPONSES TO |
| -against- | : | PLAINTIFF'S REQUEST |
| | : | FOR DOCUMENTS, |
| THOMAS GRIFFIN, et al., | : | PHOTOS AND VIDEOS |
| | : | |
| Defendants. | : | |
| | : | |

----------------------------------------------------------------X

Defendants, by their attorney ERIC T. SCHNEIDERMAN, Attorney General of the State of New York, as and for their response to Plaintiff's Request for Documents, Photos, and Videos, state as follows:

## **RESERVATION OF RIGHTS**

Defendants hereby reserves all objections as to the admissibility of the following responses into evidence at the trial of this action, or in any other proceeding on any and all grounds, including, but not limited to competency, relevancy, materiality, and privilege.

In the event that discovery or other pre-trial preparation results in the identification of new information that is responsive to the document requests, defendants hereby reserve the right to supplement, clarify, revise or correct their response to Plaintiff's Request for Documents, Photos, and Videos.

1

DOCUMENTS

**Document Request No. 1**

A copy of the "Go-Around Slip" for the A.M. time period on August 3, 2015 for A-Block 6 Company.

**Response No. 1**

After reasonable inquiry, defendants state no responsive documents exist.

**Document Request No. 2**

A copy of the relevant documentation that identifies when the deployed chemical agents were loaded in their chambers.

**Response No. 2**

Defendants object to Document Request No. 2 as vague and overly broad because it lacks a specified timeframe. Defendants further object on the grounds that disclosure of the requested materials to an inmate would jeopardize institutional safety or security, and that it seeks documents relating to events outside of the applicable three year statute of limitations. Responsive documents are withheld on the basis of the foregoing objections.

**Document Request No. 3**

A copy of the relevant documentation that reveal the actual name of the chemical agents that were deployed (yellow, orange and red chemical agents).

**Response No. 3**

Defendants object to Document Request No. 3 as vague and overly broad because it lacks a specified timeframe. Defendants further object on the grounds that disclosure of the requested materials to an inmate would jeopardize institutional safety or security and that the safety and security interests at stake render the burden of production greater than

2

its likely benefit. Responsive documents are withheld on the basis of the foregoing objections.

**Document Request No. 4**

A copy of the relevant documentation that reveal the name of the manufacturer of the deployed chemical agents.

**Response No. 4**

Defendants object to Document Request No. 4 as vague and overly broad because it lacks a specified timeframe. Defendants further object on the grounds that disclosure of the requested materials to an inmate would jeopardize institutional safety or security and that the safety and security interests at stake render the burden of production greater than its likely benefit. Responsive documents are withheld on the basis of the foregoing objections.

**Document Request No. 5**

A copy of the relevant documentation that reveals the full listing of the ingredients of the deployed chemical agents.

**Response No. 5**

Defendants object to Document Request No. 5 as vague and overly broad because it lacks a specified timeframe. Defendants further object on the grounds that disclosure of the requested materials to an inmate would jeopardize institutional safety or security and that the safety and security interests at stake render the burden of production greater than its likely benefit. Responsive documents are withheld on the basis of the foregoing objections.

3

**Document Request No. 6**

A copy of the NYSDOCCS Training Protocol as to the when and when not relative to chemical agent deployment.

**Response No. 6**

Defendants object to Document Request No. 6 on the ground that New York State Department of Corrections and Community Supervision ("DOCCS") policy and procedure manuals, etc. are irrelevant in a § 1983 claim for alleged constitutional violations. *See e.g., Coles v. Erie Cnty.*, 629 Fed. Appx. 41, 43 (2d Cir. 2015) (violation of State procedural safeguards do not give rise to a constitutional violation). Defendants further object on the ground that the policy and procedure manuals, etc. are protected by the law-enforcement privilege that was designed, in part, to prevent unwarranted disclosure of law enforcement techniques and procedures. *See e.g., United States v. Longueuil*, 567 Fed. Appx. 13 (2d Cir. 2014). Defendants also object on the grounds that disclosure of such materials to an inmate would threaten the safety and security of the correctional facility. Responsive documents are withheld on the basis of the foregoing objections.

**Document Request No. 7**

A copy of every grievance filed against defendant Nagy by inmates at Greenhaven Corr. Fac. for threats, assault, abuse of authority, and use of excessive force.

**Response No. 7**

Defendants object to Document Request No. 7 on the grounds that it seeks documents relating to events outside of the applicable three year statute of limitations and irrelevant due to their untimeliness. Defendants further object to this request on the

4

grounds that it is burdensome, not proportional to the needs of the case and seeks

documents that are improper propensity evidence. Notwithstanding these objections,

pursuant to the Court's November 30, 2017 Order, the grievances filed against defendant

Nagy for three years prior to August 3, 2015 will be submitted to Magistrate Judge Smith

for an in camera review on January 16, 2018.

**Document Request No. 8**

A copy of all the documentation identifying the time span between an inmate's

severe chemical agent exposure and an inmate's access to the appropriate

decontamination procedures.

**Response No. 8**

Defendants object to Document Request No. 8 as vague and overly broad because

it lacks a specified timeframe. Defendants further object on the grounds that disclosure of

the requested materials to an inmate would jeopardize institutional safety or security and

that the safety and security interests at stake render the burden of production greater than

its likely benefit. Responsive documents, if any, are withheld on the basis of the

foregoing objections.

**Document Request No. 9**

A copy of the User Manual for the Digital/Video camera stationed in the C and D

yard security gun tower booth on August 3, 2015.

**Response No. 9**

Defendants object to Document Request No. 9 as vague as the term "stationed" is

undefined and assumes facts not established. Defendants further object on the grounds

that disclosure of the requested materials to an inmate would jeopardize institutional

safety or security and that the safety and security interests at stake render the burden of production greater than its likely benefit. Responsive documents, if any, are withheld on the basis of the foregoing objections.

**Document Request No. 10**

A copy of the User Manual for the Digital/Video camera stationed in the West Mess Hall's Gas booth on August 3, 2015.

**Response No. 10**

Defendants object to Document Request No. 10 as vague as the term "stationed" is undefined and assumes facts not established. Defendants further object on the grounds that disclosure of the requested materials to an inmate would jeopardize institutional safety or security and that the safety and security interests at stake render the burden of production greater than its likely benefit. Notwithstanding these general objections, after reasonable inquiry, defendants state no responsive documents exist.

**Document Request No. 11**

A copy of NYSDOCCS departmental directive #4903. (unredacted).

**Response No. 11**

Defendants object to Document Request No. 11 on the ground that the DOCCS policy and procedure manuals, etc. are irrelevant in a § 1983 claim for alleged constitutional violations. *See e.g., Coles v. Erie Cnty.*, 629 Fed. Appx. 41, 43 (2d Cir. 2015) (violation of State procedural safeguards do not give rise to a constitutional violation). Defendants further object on the ground that the policy and procedure manuals, etc. are protected by the law-enforcement privilege that was designed, in part, to prevent unwarranted disclosure of law enforcement techniques and procedures. *See e.g., United*

6

*States v. Longueuil*, 567 Fed. Appx. 13 (2d Cir. 2014). Defendants also object on the grounds that disclosure of such materials to an inmate would threaten the safety and security of the correctional facility. Responsive documents are withheld on the basis of the foregoing objections.

**Photos**

**Document Request No. 12**

A complete clear photo copy of the photos stored in, or extracted from, the Digital Camera stationed in the C&D West Yard Gun Tower activated during the evacuation stage of the incident on August 3, 2015.

**Response No. 12**

Defendants object to Document Request No. 12 as vague as the terms "stationed" and "activated" are undefined and assumes facts not established. Defendants further object on the grounds that disclosure of the requested materials to an inmate would jeopardize institutional safety or security and that the safety and security interests at stake render the burden of production greater than its likely benefit. Notwithstanding these objections, after reasonable inquiry, defendants state no responsive documents exist, and defendants are under no obligation to create such documents.

**Document Request No. 13**

Clear color photos of the entire West Mess Hall from every visual angle (including the view to and from the Gas Booth and the ceilings where the chemical agents canisters are loaded).

**Response No. 13**

Defendants object to Document Request No. 13 as overly broad because it lacks a specified timeframe. Defendants further object on the grounds that disclosure of the requested materials to an inmate would jeopardize institutional safety or security and that the safety and security interests at stake render the burden of production greater than its likely benefit. Notwithstanding these objections, after reasonable inquiry, defendants state no responsive documents exist, and defendants are under no obligation to create such documents.

**Document Request No. 14**

Clear color photos of the West C & D yard from every visual angle (including the view to and from the security gun booth where the digital camera is stationed).

**Response No. 14**

Defendants object to Document Request No. 14 as overly broad because it lacks a specified timeframe. Defendants further object on the grounds that disclosure of the requested materials to an inmate would jeopardize institutional safety or security and that the safety and security interests at stake render the burden of production greater than its likely benefit. Notwithstanding these objections, after reasonable inquiry, defendants state no responsive documents exist, and defendants are under no obligation to create such documents.

**Document Request No. 15**

Clear color copies of <u>all</u> the Use of Force (UOF) photos that were taken (unrelated to inmates and staff members being seen by Medical).

8

**Response No. 15**

   Defendants object to Document Request No. 15 as overly broad because it lacks a specified timeframe. Defendants further object on the grounds that disclosure of the requested materials to an inmate would jeopardize institutional safety or security and that the safety and security interests at stake render the burden of production greater than its likely benefit. Notwithstanding these objections, after reasonable inquiry, defendants state no responsive documents exist.

Videos

**Document Request No. 16**

   Access to watch the staff training video as it relates to use of force via chemical agent deployment.

**Response No. 16**

   Defendants object to Document Request No. 16 as overly broad because it lacks a specified timeframe. Defendants further object on the grounds that disclosure of the requested information to an inmate would jeopardize institutional safety or security and that the safety and security interests at stake render the burden of production greater than its likely benefit. Responsive documents are withheld on the basis of the foregoing objections.

**Document Request No. 17**

   Copies of the video images stored in the digital camera stationed in the C & D West Yard's Officer's Gun Booth relating to the evacuation process on August 3, 2015 of the related incident.

9

Response No. 17

Defendants object to Document Request No. 17 as vague as the term "stationed" is undefined and assumes facts not established. Defendants further object on the grounds that disclosure of the requested materials to an inmate would jeopardize institutional safety or security and that the safety and security interests at stake render the burden of production greater than its likely benefit. Notwithstanding these objections, after reasonable inquiry, defendants state no responsive documents exist.

Dated: New York, New York
     December 29, 2017

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
Attorney for Defendants

By:    /s/
Julinda Dawkins
120 Broadway, 24th Floor
New York, NY 10271
(212) 416-8118

To:    Jeffrey Culbreath
      DIN 95-B-1028
      Auburn Correctional Facility
      135 State Street
      P.O. Box 618
      Auburn, NY 13021

EXHIBIT D

LEGAL SERVICES RESEARCH
Email: Research_Legal@yahoo.com

Case: Culbreath v. Griffin, et. al., 17-CV-3406 (KMK (LMS)
(USDC, SDNY)

Subject: Services Fees Computation (Rule 37 Motion (1st
Document Request) January 17, 2018)

Assigned to: Group B Research Team

Fee Rate: $150.00/hour

## ITEMIZATION OF SERVICES AND TIME

Relevant Paperwork Review ................. 4 hours

Legal Concept Development ................. 5 hours

Caselaw Research Activities ................. 5 hours

Legal Concept Refinement ................. 4 hours

Motion Production ................. 2 hours

Total Service Hours ................. 20 hours

Service Fee Rate ................. $150.00/hour

I, Dana J. Reed, owner of Legal Services Research, hereby
certify, under the penalty of perjury, that the foregoing account
of services and fees are true and correct to the best of my
knowledge.

Date: January 17, 2018
Ellenwood, Georgia

Respectfully executed,

Dana J. Reed (Owner)
Legal Services Research
Attn.: Dana J. Reed
4281 Sweet Meadow Lane
Ellenwood, G.A. 30294