Jeffrey Culbreath
#95B1028
Auburn Correction Facility
135 State Street
Auburn , New York 13024
Plaintiff, Pro-se
January 15, 2018



RECEIVED
JAN 29 2018
HON. LISA MARGARET SMITH
U.S.M.J.

<u>Culbreath v. Griffin, et. al., 17-CV-3406 (KMK) (LMS)</u>

Dear Judge Smith:

I am the Plaintiff appearing pro-se in regards to the above-referenced matter, to request that the Court issue an Order declaring certain Request to Admit be deemed admitted by Defendants Griffin, Nagy and Tokarz for purposes of this action due to said defendants providing defective answers  In accordance with Local Civil Rule 37.3(a), I have conferred in good faith via letter to the Defendants attorney and have been unable to resolve this issue.

Plaintiff submitted a Request for Admissions to Defendant on November 23, 2017 (Exh. A). On December 26, 2017, Plaintiff received defendant Griffin's response thereto dated December 19, 2017 (Exh. B). Defendant Griffin's response to Plaintiff's Request to Admit @ par. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 and 13 was an objection premised upon the admission sought being "vague" and asserted a denial thereupon based.

Denials resting upon unfounded premises, as is the case here, are categorically "defective answer". Requests for Admission fall under the umbrella of discovery (<b>Revlon Consumer Prods., Corp. v. Estee Lauder Cos. Inc.,</b> 2001 WL 521832, @ *1 (SDNY)), and as such, a plaintiff's requests are to be liberally construed (<b>Kinoy v. Mitchell</b>, 67 F.R.D. 1, 12 (SDNY, 1975) while made within the framework of being direct, simple and limited to singular relevant facts (<b>S.E.C. v. Micro-Moisture Controls</b>, 21 F.R.D. 164, 166 (SDNY, 1957), so that "it can be admitted or denied without explanation." [8 C. Wright & A. Miller,] Federal Practice and Procedure, § 2258 [(1970)]. Plaintiff's Requests for Admissions fell squarely within this framework, yet the defendant Griffin interposed an illegit premise that the requests were vague and premised his denial thereupon thereby making his denial a defective answer. Being that the defendant will maintain this position, the Plaintiff moves the Court to issue an Order deeming defendant Griffin as having admitted the above-mentioned Requests for Admissions (<b>E.g., S.E.C. v. Kaye, Real & Co.</b>, 122 F.Supp. 639 (SDNY, 1954).

The Plaintiff submitted a Request for Admissions to Defendant Nagy on November 23, 2017 (Exh. C). on December 26, 2017 Plaintiff received Defendant Nagy's response thereto dated December 19, 2017 (Exh. D). Defendant Nagy's response to the pertinent Requests #1, 2, 3 and 4 were identical to that complained of about Defendant Griffin above, and therefore Plaintiff takes the

same position as that just asserted against Griffin and asserts same against Nagy.

Likewise, Plaintiff submitted a Request for Admissions to Defendant Tokarz on November 23, 2017 (**Exh. E**). On December 26, 2017, Plaintiff received Defendant Tokarz's response thereto dated December 19, 2017 (**Exh. F**). Defendant Tokarz's response to the pertinent requests #1, 2, and 3 were identical to the complained of about Defendants Griffin and Nagy above, and therefore Plaintiff takes the same position as that just asserted against Griffin and Nagy, and asserts same against Tokarz.

Although "[a] denial must be forthright, specific and unconditional" (**Wright & Miller, Federal Practice & Procedure § 2260 @ 729**), the defendants each have made conditional denial that were conditioned illegitimately on the premise that Plaintiff's Requests for Admissions were vague as thoroughly discussed above, and Plaintiff hereby respectfully move the Court to reject the defendants objections as meritless, determine the answers to be non-compliant, and deem the pertinent Requests for Admissions deemed admitted (**S.E.C. v. Kaye, Real & Co., supra**).

Moreover, the Defendants failed to serve Plaintiff with their responding papers within thirty (30) days and thereby waived any objections they may have had; and as such, pursuant to **Fed.R.Civ.P. Rule 36(a)(3), matters thereto related are required to be deemed admitted.**

Plaintiff respectfully submit that the Defendants failure to correctly admit to Plaintiff's Requests for Admissions which is the subject of this motion was without sufficient justification,and thereby, Plaintiff seeks, as a sanction pursuant to Fed.R.Civ.P. 37(a)(5) and 37(c)(2), $3000.00 as reasonable legal assistance fees for time expended by Plaintiff's legal assistant (Legal Services Research) in the preparing and filing of Plaintiff's motion (**Exh. G**) (20 hours x $150.00/hour as permitted by the PLRA § 803(d); 42 U.S.C. § 1997e(d)).

Accordingly, Plaintiff respectfully request that this Court issue an Order deeming the Plaintiff's Request For Admissions admitted by the Defendants, directing forthwith payment of the legal assistant fees to Legal Services Research by the Defendants, along with such other and further relief the Court deem just and proper.

Date: January 15, 2018
Auburn, N.Y.


Prepared by:

Legal Services Research
Attn.: Dana J. Reed
4281 Sweet Meadow Lane
Ellenwood, G.A. 30294

For:
Jeffrey Culbreath
Plaintiff, Pro-se

Respectfully submitted,

Jeffrey Culbreath
#95B1028
Auburn Corr. Fac.
135 State Street
Auburn, New York 13024
Plaintiff, Pro-se

Courtesy copy to:

Chambers of
Hon. Lisa M. Smith (USMJ)
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

CULBREATH V. GRIFFIN, et.al., 17-CV-3406 (KMK) (LMS)

UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK

EXHIBITS FOR:

PLAINTIFF'S RULE 37 MOTION DATED JANUARY 15, 2018

EXHIBITS "A" THRU "G"

# EXHIBIT A

UNITED [illegible]
SOUTHERN [illegible]

JEFFREY CULBREATH,

Plaintiff,

-against-

THOMAS GRIFFIN, et. al.

Defendants.

PLAINTIFF'S RULE 36
REQUEST FOR
ADMISSIONS TO
DEFENDANT GRIFFIN

17-CV-3406 (KMK)

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Jeffrey Culbreath hereby Request Defendant Thomas Griffin to Admit as follows:

① Admit, as Supt of Green Haven Correctional Facility, you do have access to every Maintained grievance filed against C.O. Michael Nagy by inmates for excessive use of force, threats, assaults, and abuse of authority prior to And during your tenure as the Supt. of Green Haven.

② Admit, as Supt. of Green Haven, you were required per DOCCS policy, to review and give special consideration to grievances alleging excessive use of force, threats, assaults, and abuse of authority by Staff.

③ Admit, as Supt of Green Haven, you are required to determine whether any grievance of the above-mentioned nature (part 1 & 2) should be investigated by Green Haven Staff or whether it should be investigated by DOCCS Inspector General or by the New York State Police.

1 of 4

(4) Admit, that in practice, prior to the August 3, 2015 incident, you never referred a single use of excessive force or assault grievance against C.O. Michael Nagy to the police, and instead had such grievances investigated by Green Haven Staff and, in particular, by the direct supervisors of C.O. Nagy, i.e., Staff Members who have a close working relationship with C.O. Nagy.

(5) Admit, that C.O. Nagy ~~invariably~~ invariably deny any allegation of excessive use of force, assault or threats made against him.

(6) Admit, that Staff Members investigating said grievances against C.O. Nagy always accept such denials at face value.

(7) Admit, as Supt. of Green Haven, that you have invariably accepted and signed off on the purported findings and conclusions of internal investigations into the above-mentioned categories of grievances made against C.O. Nagy.

(8) Admit, that, as a direct result of your said above-mentioned practice, no grievance filed against C.O. Nagy for excessive use of force, assault, ~~or~~ threats or abuse of authority at Green Haven have ever been found to be substantiated during your tenure.

(9) Admit, that, you maintain a grievance filing policy at Green Haven that makes it impossible for anyone -- including Staff Members investigating grievances and you yourself -- to review the

history _____ specific Member of Staff, thereby preventing any attempt to identify patterns of misconduct.

(10) Admit, that, a review of the history of grievances filed against a specific Member of Staff could help you, as well as anyone investigating a grievance, reach a more informed decision about allegations of misconduct in general, and about allegations of use of excessive force, assaults, threats and abuse of authority in particular.

(11) Admit, that, an abundant amount of grievances ~~against~~ by numerous different inmates against a Staff Member complaining categorically about the same type of misconduct warrants additional investigation into such officer's conduct.

(12) Admit, that, an abundant amount of repeated grievances by different inmates against the same Staff Member for categorically the same misconduct serves as a red flag.

(13) Admit, that, you did not, prior to the August 3, 2015 incident, attempt to collect and review the prior grievances filed against C.O. Nagy, did not personally interview the inmates who filed these grievances, and did not turn the investigation over to a more impartial outside agency, such as the New York State police.

(14) You have 30 days to serve your response to this Request for Admissions. A failure to answer any of the requests will constitute an Admission thereof.

Dated: 11/23/17
Auburn, N.Y.

Respectfully Submitted,

_Jeffrey Culbreath_ #95B1078
Auburn Corr. Fac.
135 State Street
Auburn, N.Y. 13024
Plaintiff, Pro-se

4 of 4

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

JEFFREY CULBREATH,

                               Plaintiff,

           - Against -

THOMAS GRIFFIN, et al,

                            Defendants.

-------------------------------------------------------------X

17 Civ. 3406 (KMK)(LMS)

**DEFENDANT GRIFFIN'S**
**RESPONSE TO PLAINTIFF'S**
**REQUESTS FOR ADMISSIONS**

      Defendant Griffin, by his attorney, ERIC T. SCHNEIDERMAN, Attorney General of the State of New York, for his responses to Plaintiff's Request to Admit, pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure responds as follows:

## GENERAL OBJECTIONS

      Defendant asserts the following General Objections, which are incorporated by reference in the specific response to each request, regardless of whether the response asserts or refers to any one or more of the General Objections.

      1.      Defendant objects to the requests to the extent they go beyond those required or permitted under the Federal Rules of Civil Procedure and the Local Rules for the Southern and Eastern Districts of New York.

      2.      Defendant objects to each request to the extent that it seeks information or admissions on matters protected from discovery by the attorney client, work product, public interest, official information, executive, and/or official investigatory privileges or any other applicable privilege or doctrine.  Nothing contained in these objections or in response to any individual request is intended as, or shall in any way be deemed as, a waiver of any of these

privileges or doctrines. Any production of such information would be inadvertent. Defendants also objects to the requests to the extent they seek information whose disclosure would be contrary to law.

3.   Defendant objects to the requests to the extent they seek information or admissions not relevant to the claim or defense of any party.

4.   Defendant objects to the requests to the extent that they assume incorrect facts, use vague and ambiguous terminology, or are unfairly phrased.

5.   In responding to each request that asks defendant to admit that a matter is or is not set forth in a document, or that a statement was or was not otherwise made, defendant does not admit, and are not asked to admit, the truth of such matters or statements, the meaning of the matter or statement or the meaning of its absence, or the accuracy of the request's characterizations of those matters or statements.

6.   In responding to these requests, defendant does not admit, and are not asked to admit, the truth of any matter that is assumed by a request, or that he agrees with any characterization or implication set forth in the request regarding the facts for which admission is sought.

7.   Defendant reserves the continuing right to amend, supplement, clarify, or otherwise change any and all of these responses to the extent authorized by Rule 36(b) of the Federal Rules of Civil Procedure.

8.   Defendant objects to the use of these responses with respect to the claims against any defendant other than the defendant involved in the incidents or claims germane to the request asserted.

9.     Defendant objects to these admissions to the extent plaintiff requires or deems these answers to be under oath.  Rule 36 of the Federal Rules of Civil Procedure does not require answers to be under oath and Rule 36(a) expressly permits answers to be made by a party's attorney.

10.     Defendant objects to plaintiff's use of the responses to these requests in a manner inconsistent with the Rules of Civil Procedure, including but not limited to any attempt by plaintiff to use denials or responses of neither admit nor deny, to establish the contrary to admissions requested.

11.     All responses that defendant does not admit or deny or that defendant neither admit nor deny were made after reasonable inquiry where the information defendant knows or could readily obtain was insufficient to permit admission or denial.  Defendant asserts that a request for admission does not require admission of incidents or events occurring outside of their presence.  This paragraph is incorporated by reference into all responses of neither admit nor deny, or defendant does not admit or deny, or words to that effect.

12.     This response is based upon information known to or believed by Defendant at the time of responding to this Request to Admit. In the event that discovery or other pre-trial preparation results in the identification of new information that is responsive to the request for admission, Defendant hereby reserves the right to supplement, clarify, revise or correct their response to Plaintiff's Request to Admit.

13.     By referring Plaintiff to documents, Defendant does not concede the admissibility or relevance of any document produced or referred to or that the document is original, true, accurate, complete, or authentic. Defendant reserves the right to challenge the competency, relevance, materiality, and admissibility of, or to object on any ground to the use of, any

3

information set forth herein or documents produced in any subsequent proceeding or the trial of this or any other action.

14.   Defendant reserves the continuing right to amend, supplement, clarify, or otherwise change any and all of these responses to the extent authorized by Rule 36 of the Federal Rules of Civil Procedure.

## PLAINTIFF'S REQUESTS FOR ADMISSIONS AND DEFENDANT GRIFFIN'S RESPONSES

**Request No. 1:**

Admit, as Supt. of Green Haven Correctional Facility, you do have access to every maintained grievance filed against C.O. Nagy by inmates for excessive use of force, threats, assaults, and abuse of authority prior to and during your tenure as the Supt. of Green Haven.

**Response to Request No. 1:**

Object as vague. Subject to this and the general objections, denied.


**Request No. 2:**

Admit, as Supt. of Green Haven, you were required per DOCCS policy, to review and give special consideration to grievances alleging excessive use of force, threats, assaults, and abuse of authority by staff.

**Response to Request No. 2:**

Object as vague. Subject to this and the general objections, denied.

4

**Request No. 3:**

Admit, as Supt. of Green Haven, you are required to determine whether any grievance of the above-mentioned nature (par. 1 & 2) should be investigated by Green Haven staff or whether it should be investigated by DOCCS Inspector General or by the New York State Police.

**Response to Request No. 3:**

Object as vague. Subject to this and the general objections, denied.

**Request No. 4:**

Admit, that in practice, prior to the August 3, 2015 incident, you never referred a single use of excessive force or assault grievance against C.O. Nagy to the police, and instead had such grievances investigated by Green Haven staff and, in particular, by the direct supervisors of C.O. Nagy's, i.e., staff members who have a close working relationship with C.O. Nagy.

**Response to Request No. 4:**

Object as vague. Subject to this and the general objections, denied, except admitted that I do not recall ever referring any grievance against C.O. Nagy to the police.

**Request No. 5:**

Admit, that C.O. Nagy invariably deny any allegation of excessive use of force, assault or threats made against him.

**Response to Request No. 5:**

Object as vague. Subject to this and the general objections, denied. Admitted only that I am not personally aware of C.O. Nagy having admitted using excessive force on, assaulting, or threatening an inmate.

5

**Request No. 6:**

Admit, that staff members investigating said grievances against C.O. Nagy always accept such denials at face value.

**Response to Request No. 6:**

Object as vague. Subject to this and the general objections, denied.

**Request No. 7:**

Admit, as Supt. of Green Haven, that you have invariably accepted and signed off on the purported findings and conclusions of internal investigations into the above-mentioned categories of grievances made against C.O. Nagy.

**Response to Request No. 7:**

Object as vague. Subject to this and the general objections, denied.

**Request No. 8:**

Admit, that, as a direct result of your said above-mentioned practice, no grievance filed against C.O. Nagy for excessive use of force, assault, threats or abuse of authority at Green Haven have ever been found to be substantiated during your tenure.

**Response to Request No. 8:**

Object as vague. Subject to this and the general objections, denied. Admitted only that I am not aware of any substantiated grievance against C.O. Nagy concerning the excessive use of force, assault, threats or abuse of authority at Green Haven.

**Request No. 9:**

Admit, that, you maintain a grievance filing policy at Green Haven that makes it impossible for anyone -- including staff members investigating grievances and you yourself -- to review the history of grievances filed against a specific member of staff, thereby preventing any attempt to identify patterns of misconduct.

**Response to Request No. 9:**

Object as vague. Subject to this and the general objections, denied.

**Request No. 10:**

Admit, that, a review of the history of grievances filed against a specific member of staff could help you, as well as anyone investigating a grievance, reach a more informed decision about allegations of use of excessive force, assaults, threats and abuse of authority in particular.

**Response to Request No. 10:**

Object as vague. Subject to this and the general objections, denied.

**Request No. 11:**

Admit, that, an abundant amount of grievances by numerous different inmates against a staff member complaining categorically about the same type of misconduct warrants additional investigation into such officer's conduct.

**Response to Request No. 11:**

Denied.

**Request No. 12:**

Admit, that, an abundant amount of repeated grievances by different inmates against the same staff member for categorically the same misconduct serves as a red flag.

**Response to Request No. 12:**

Denied.

**Request No. 13:**

Admit, that, you did not, prior to August 3, 2015 incident, attempt to collect and review the prior grievances filed against C.O. Nagy, did not personally interview the inmates who filed these grievances, and did not turn the investigation over to a more impartial outside agency, such as the New York State [P]olice.

**Response to Request No. 13:**

Object as vague. Subject to this and the general objections, denied except admit that I do not recall collecting and reviewing all grievances filed against C.O. Nagy, personally interviewing inmates who filed those grievances, or ever turning over the investigation of those grievances to the New York State Police.

Dated: New York, New York
        December 19, 2017

ERIC T. SCHNEIDERMAN
Attorney General for the State of New York
Attorney for Defendants
By:
_____/s/_____
Julinda Dawkins
Assistant Attorney General
120 Broadway - 24th Floor
New York, New York 10271
Tel. (212) 416-8118

8

TO:    Jeffrey Culbreath
        DIN 95-B-1028
        Plaintiff Pro Se
        Auburn Correctional Facility
        135 State Street
        Auburn, New York 13024

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEFFREY CULBREATH,
                    Plaintiff,

    - Against -

THOMAS GRIFFIN, et. al.,
                    Defendants.

PLAINTIFF'S RULE 36
REQUEST FOR ADMISSIONS
TO DEFENDANT NAGY

17-cv-3406 (KMK)

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Jeffrey Culbreath hereby request Defendant Michael T. Nagy to Admit as follows:

① Admit, that, a group of inmates standing up and yelling in the direction of two fighting inmates telling them to "Stop fighting in the MessHall", without making any attack or bodily harm advance's to staff or other inmates, is not an authorized premise to deploy chemical agents use of force within the Ambit of DOCCS use of force training.

② Admit, that, your position that an unidentified inmate approached an unidentified officer with his fists in a threatening manner which caused you to dispense an additional array of orange, Red, and yellow chemical agents was an invention of facts used to disguise your unjustified Malicious use of excessive force with the chemical agents.

③ Admit, that, the chemical agent booth is equipped with a video/digital camera.

④ Admit, that, you could have activated the recording function on the video/digital camera but failed to do so.

⑤ You have 30 days to serve your response to this Request for Admissions. A failure to answer any of the requests will constitute an Admission thereof.


Dated: 11/23/17
Auburn, NY

Respectfully submitted,

Jeffrey Culbreath #95B1028
Auburn Corr. Fac.
135 State Street
Auburn, N.Y. 13024
Plaintiff, Pro-Se


2 of 2

# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

JEFFREY CULBREATH,

                                    Plaintiff,

                    - Against -

THOMAS GRIFFIN, et al,

                                    Defendants.

-------------------------------------------------------------X

17 Civ. 3406 (KMK)(LMS)

**DEFENDANT NAGY'S**
**RESPONSE TO PLAINTIFF'S**
**REQUESTS FOR ADMISSIONS**

Defendant Nagy, by his attorney, ERIC T. SCHNEIDERMAN, Attorney General of the State of New York, for his responses to Plaintiff's Request to Admit, pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure responds as follows:

### GENERAL OBJECTIONS

Defendant asserts the following General Objections, which are incorporated by reference in the specific response to each request, regardless of whether the response asserts or refers to any one or more of the General Objections.

1.      Defendant objects to the requests to the extent they go beyond those required or permitted under the Federal Rules of Civil Procedure and the Local Rules for the Southern and Eastern Districts of New York.

2.      Defendant objects to each request to the extent that it seeks information or admissions on matters protected from discovery by the attorney client, work product, public interest, official information, executive, and/or official investigatory privileges or any other applicable privilege or doctrine. Nothing contained in these objections or in response to any individual request is intended as, or shall in any way be deemed as, a waiver of any of these

1

privileges or doctrines.  Any production of such information would be inadvertent.  Defendants also objects to the requests to the extent they seek information whose disclosure would be contrary to law.

3.      Defendant objects to the requests to the extent they seek information or admissions not relevant to the claim or defense of any party.

4.      Defendant objects to the requests to the extent that they assume incorrect facts, use vague and ambiguous terminology, or are unfairly phrased.

5.      In responding to each request that asks defendant to admit that a matter is or is not set forth in a document, or that a statement was or was not otherwise made, defendant does not admit, and are not asked to admit, the truth of such matters or statements, the meaning of the matter or statement or the meaning of its absence, or the accuracy of the request's characterizations of those matters or statements.

6.      In responding to these requests, defendant does not admit, and are not asked to admit, the truth of any matter that is assumed by a request, or that he agrees with any characterization or implication set forth in the request regarding the facts for which admission is sought.

7.      Defendant reserves the continuing right to amend, supplement, clarify, or otherwise change any and all of these responses to the extent authorized by Rule 36(b) of the Federal Rules of Civil Procedure.

8.      Defendant objects to the use of these responses with respect to the claims against any defendant other than the defendant involved in the incidents or claims germane to the request asserted.

2

9.     Defendant objects to these admissions to the extent plaintiff requires or deems these answers to be under oath. Rule 36 of the Federal Rules of Civil Procedure does not require answers to be under oath and Rule 36(a) expressly permits answers to be made by a party's attorney.

10.     Defendant objects to plaintiff's use of the responses to these requests in a manner inconsistent with the Rules of Civil Procedure, including but not limited to any attempt by plaintiff to use denials or responses of neither admit nor deny, to establish the contrary to admissions requested.

11.     All responses that defendant does not admit or deny or that defendant neither admit nor deny were made after reasonable inquiry where the information defendant knows or could readily obtain was insufficient to permit admission or denial. Defendant asserts that a request for admission does not require admission of incidents or events occurring outside of their presence. This paragraph is incorporated by reference into all responses of neither admit nor deny, or defendant does not admit or deny, or words to that effect.

12.     This response is based upon information known to or believed by Defendant at the time of responding to this Request to Admit. In the event that discovery or other pre-trial preparation results in the identification of new information that is responsive to the request for admission, Defendant hereby reserves the right to supplement, clarify, revise or correct their response to Plaintiff's Request to Admit.

13.     By referring Plaintiff to documents, Defendant does not concede the admissibility or relevance of any document produced or referred to or that the document is original, true, accurate, complete, or authentic. Defendant reserves the right to challenge the competency, relevance, materiality, and admissibility of, or to object on any ground to the use of, any

3

information set forth herein or documents produced in any subsequent proceeding or the trial of this or any other action.

14.     Defendant reserves the continuing right to amend, supplement, clarify, or otherwise change any and all of these responses to the extent authorized by Rule 36 of the Federal Rules of Civil Procedure.

## PLAINTIFF'S REQUESTS FOR ADMISSIONS
## AND DEFENDANT NAGY'S RESPONSES

**Request No. 1:**

Admit, that, a group of inmates standing up and yelling in the direction of two fighting inmates telling them to "stop fighting in the mess hall", without making any attack or bodily harm advances to staff or other inmates, is not an authorized premise to deploy chemical agents use of force within the ambit of DOCCS use of force training.

**Response to Request No. 1:**

Object as vague. Subject to this and the general objections, deny.

**Request No. 2:**

Admit, that, your position that an unidentified inmate approached an unidentified officer with his fists in a threatening manner which caused you to dispense an additional array of orange, red, and yellow chemical agents was an invention of facts used to disguise your unjustified malicious use of excessive force with the chemical agents.

**Response to Request No. 2:**

Object as vague. Subject to this and the general objections, deny.

4

**Request No. 3:**

Admit, that, the chemical agent booth is equipped with a video/digital camera.

**Response to Request No. 3:**

Object as vague. Subject to this and the general objections, deny.

**Request No. 4:**

Admit, that, you could have activated the recording function on the video/digital camera but failed to do so.

**Response to Request No. 4:**

Object as vague. Subject to this and the general objections, deny.

Dated: New York, New York
      December 19, 2017

                          ERIC T. SCHNEIDERMAN
                          Attorney General for the State of New York
                          <u>Attorney for Defendants</u>
                          By:

                                /s/
                          Julinda Dawkins
                          Assistant Attorney General
                          120 Broadway - 24th Floor
                          New York, New York 10271
                          Tel. (212) 416-8118

TO:    Jeffrey Culbreath
        DIN 95-B-1028
        Plaintiff <u>Pro Se</u>
        Auburn Correctional Facility
        135 State Street
        Auburn, New York 13024

# EXHIBIT E

JEFFREY CULBREATH,

        Plaintiff,

  - against

THOMAS GRIFFIN, et. al.,

      Defendants

PLAINTIFF'S RULE 36
REQUEST FOR
ADMISSIONS TO
DEFENDANT TOKARZ

17-CV-3406 (KMK)

 

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, plaintiff JEFFREY Culbreath hereby request Defendant MARK TOKARZ to admit as follows:

(1) Admit, that, when you had the inmates from the West Mess Hall on August 3, 2015 evacuated to the C & D Recreation yard, you could have assured and directed the corrections officers stationed in the gun security booth to activate the recording function on the video/Digital camera stationed within the gun security booth.

(2) Admit, that, when a person ~~dosed~~ is dosed with the chemical agents used in the above-mentioned incident in their head, face, eyes, torso & legs, it is medically required that such person or persons be provided with immediate access to the appropriate decontamination process and procedure.

(3) Admit, that, depriving a person dosed in said chemical agents from the appropriate decontamination process and procedure for nearly an hour after extreme exposure thereof constitutes a prevention to immediate access to decontamination procedures.

④ You have 30 days to serve your response to this Request for Admissions. A failure to answer any of the requests will constitute An Admission thereof.

Dated: 11/23/17
Auburn, N.Y.

Respectfully Submitted,

Jeffrey Culbreath #95B1028
Auburn Corr. Fac.
135 State Street
Auburn, N.Y. 13024
Plaintiff, Pro-Se

# EXHIBIT F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

JEFFREY CULBREATH,

                                  Plaintiff,

               - Against -

THOMAS GRIFFIN, et al,

                             Defendants.

-------------------------------------------------------------------X

17 Civ. 3406 (KMK)(LMS)

**DEFENDANT TOKARZ'S
RESPONSE TO PLAINTIFF'S
<u>REQUESTS FOR ADMISSIONS</u>**

      Defendant Tokarz, by his attorney, ERIC T. SCHNEIDERMAN, Attorney General of the

State of New York, for his responses to Plaintiff's Request to Admit, pursuant to Rules 26 and

36 of the Federal Rules of Civil Procedure responds as follows:

<b>GENERAL OBJECTIONS</b>

      Defendant asserts the following General Objections, which are incorporated by reference

in the specific response to each request, regardless of whether the response asserts or refers to

any one or more of the General Objections.

      1.      Defendant objects to the requests to the extent they go beyond those required or

permitted under the Federal Rules of Civil Procedure and the Local Rules for the Southern and

Eastern Districts of New York.

      2.      Defendant objects to each request to the extent that it seeks information or

admissions on matters protected from discovery by the attorney client, work product, public

interest, official information, executive, and/or official investigatory privileges or any other

applicable privilege or doctrine.  Nothing contained in these objections or in response to any

individual request is intended as, or shall in any way be deemed as, a waiver of any of these

1

privileges or doctrines. Any production of such information would be inadvertent. Defendants also objects to the requests to the extent they seek information whose disclosure would be contrary to law.

3.      Defendant objects to the requests to the extent they seek information or admissions not relevant to the claim or defense of any party.

4.      Defendant objects to the requests to the extent that they assume incorrect facts, use vague and ambiguous terminology, or are unfairly phrased.

5.      In responding to each request that asks defendant to admit that a matter is or is not set forth in a document, or that a statement was or was not otherwise made, defendant does not admit, and are not asked to admit, the truth of such matters or statements, the meaning of the matter or statement or the meaning of its absence, or the accuracy of the request's characterizations of those matters or statements.

6.      In responding to these requests, defendant does not admit, and are not asked to admit, the truth of any matter that is assumed by a request, or that he agrees with any characterization or implication set forth in the request regarding the facts for which admission is sought.

7.      Defendant reserves the continuing right to amend, supplement, clarify, or otherwise change any and all of these responses to the extent authorized by Rule 36(b) of the Federal Rules of Civil Procedure.

8.      Defendant objects to the use of these responses with respect to the claims against any defendant other than the defendant involved in the incidents or claims germane to the request asserted.

2

9.    Defendant objects to these admissions to the extent plaintiff requires or deems these answers to be under oath. Rule 36 of the Federal Rules of Civil Procedure does not require answers to be under oath and Rule 36(a) expressly permits answers to be made by a party's attorney.

10.    Defendant objects to plaintiff's use of the responses to these requests in a manner inconsistent with the Rules of Civil Procedure, including but not limited to any attempt by plaintiff to use denials or responses of neither admit nor deny, to establish the contrary to admissions requested.

11.    All responses that defendant does not admit or deny or that defendant neither admit nor deny were made after reasonable inquiry where the information defendant knows or could readily obtain was insufficient to permit admission or denial. Defendant asserts that a request for admission does not require admission of incidents or events occurring outside of their presence. This paragraph is incorporated by reference into all responses of neither admit nor deny, or defendant does not admit or deny, or words to that effect.

12.    This response is based upon information known to or believed by Defendant at the time of responding to this Request to Admit. In the event that discovery or other pre-trial preparation results in the identification of new information that is responsive to the request for admission, Defendant hereby reserves the right to supplement, clarify, revise or correct their response to Plaintiff's Request to Admit.

13.    By referring Plaintiff to documents, Defendant does not concede the admissibility or relevance of any document produced or referred to or that the document is original, true, accurate, complete, or authentic. Defendant reserves the right to challenge the competency, relevance, materiality, and admissibility of, or to object on any ground to the use of, any

3

information set forth herein or documents produced in any subsequent proceeding or the trial of this or any other action.

14.    Defendant reserves the continuing right to amend, supplement, clarify, or otherwise change any and all of these responses to the extent authorized by Rule 36 of the Federal Rules of Civil Procedure.

## PLAINTIFF'S REQUESTS FOR ADMISSIONS AND DEFENDANT TOKARZ'S RESPONSES

### Request No. 1:

Admit, that, when you had the inmates from the West Mess Hall on August 3, 2015 evacuated to the C & D [r]ecreation yard, you could have assured and directed the corrections officers stationed in the gun security booth to activate the recording function on the video/digital camera stationed within the gun security booth.

### Response to Request No. 1:

Object as vague. Subject to this and the general objections, deny.

### Request No. 2:

Admit, that, when a person is dosed with the chemical agents used in the above-mentioned incident in their head, face, eyes, torso & legs, it is medically required that such person or persons be provided with immediate access to the appropriate decontamination process and procedure.

### Response to Request No. 2:

Object as vague. Subject to this and the general objections, deny.

4

**Request No. 3:**

Admit, that, depriving a person dosed in said chemical agents from the appropriate decontamination process and procedure for nearly an hour after extreme exposure thereof constitutes a prevention to immediate access to decontamination procedures.

**Response to Request No. 3:**

Object as vague. Subject to this and the general objections, deny.

Dated: New York, New York
       December 19, 2017

                                    ERIC T. SCHNEIDERMAN
                                    Attorney General for the State of New York
                                    Attorney for Defendants
                                    By:
                                    _____/s/_____
                                    Julinda Dawkins
                                    Assistant Attorney General
                                    120 Broadway - 24th Floor
                                    New York, New York 10271
                                    Tel. (212) 416-8118

TO:    Jeffrey Culbreath
       DIN 95-B-1028
       Plaintiff Pro Se
       Auburn Correctional Facility
       135 State Street
       Auburn, New York 13024

5

# EXHIBIT G

LEGAL SERVICES RESEARCH
Email: Research_Legal@yahoo.com

Case: <u>Culbreath v. Griffin, et. al., 17-CV-3406 (KMK) (LMS)</u>
<u>(USDC, SDNY)</u>

Subject: Services Fees Computation (Rule 37 Motion (Request For
       Admissions))

Assigned to: Group B Research Team

Fee Rate: $150.00/hour

<u>ITEMIZATION OF SERVICES AND TIME</u>

Relevant Paperwork Review ............. 4 Hours

Legal Concept Development ............. 5 Hours

Caselaw Research Activities ........... 5 Hours

Legal Concept Refinement .............. 4 Hours

Motion Production ..................... 2 Hours

Total Service Hours ................... 20 Hours

Service Fee Rate ...................... $150.00/hour

I, Dana J. Reed, owner of Legal Services Research, hereby
certify, under the penalty of perjury, that the foregoing account
of services and fees are true and correct to the best of my
knowledge.

Date: January 15, 2018
Ellenwood, Georgia

Respectfully executed,

Dana J. Reed (Owner)
Legal Services Research
Att.: Dana J. Reed
4281 Sweet Meadow Lane
Ellenwood, G.A. 30294