Mr. Jeffrey Culbreath
DIN #95-B-102P, Auburn Corr. Fac.
135 State Street
Auburn, New York 13024
Plaintiff, Pro-se

February ___, 2018



Honorable Lisa M. Smith
United States Magistrate Judge
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

    Re: <u>Culbreath v. Griffin</u>, 17-CV-03406 (KMK) (LMS)

Dear Judge Smith:

    I am the Plaintiff appearing pro-se, and I write pursuant the Court's November 30, 2017 Order, to display the Plaintiff's position on the liability of defendant Griffin along with the Plaintiff's entitlement to the personnel files, grievances, Inspector General files, and other materials categorically equal to showing that defendant Griffin was personally involved under the **Colon** analysis, as well materials relevant to showing defendant Nagy's intent, pattern, impeachable credibility, and fodder for heightened punitive damage award.

**A.**    **Plaintiff's Allegations**

    For the allegations in the complaint, Plaintiff kindly incorporate by reference the pertinent section of the Plaintiff's Complaint (Complaint, Dkt. No. 2 at P. 4 - 6. Plaintiff further alleges that defendant Griffin, prior to Nagy's excessive use of force against Plaintiff on August 3, 2015, that defendant Griffin was aware of Nagy's pattern repeated use of excessive force against inmates by the complaints, grievances, and appeals from other inmates, yet failed to take corrective action thereby fostering

1

Nagy's unconstitutional possession of and) or thereby being negligent in his supervision over Nagy; thus, depriving Plaintiff of his constitutional right to be free from cruel and unusual punishment in the form of excessive force (Complaint, Dkt. No 2, at p. 5 - 6).

B. The Documents Sought are Relevant to Griffin's Liability, Nagy's Intent, Pattern, Credibility Impeachment, and Punitive Award Enhancement.

1. Applicable Law

In Colon v. Coughlin, 58 F.3d 865, 873 (2d. Cir.1995), the Second Circuit has set forth five ways in which a plaintiff may plead the personal involvement of a supervisor defendant as: (1) the defendant participated in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconditional acts were occurring.

However, the Second Circuit has recognized that the "[Iqbal decision ... may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," (Grullon v. City of New Haven, 720 F.3d 133, 139 (2d Cir. 2013), but has "thus far declined to resolve the question," Golopderner v. City of New London, No. 14-CV-173, 2015 WL 1471770, at *7 (D.Conn. Mar. 31, 2015). Although the courts in the Second Circuit are divided as to whether the five categories announced in Colon may still be used as bases for liability under §

1983, in cases like this where 'discriminatory intent' is not an issue, this Court (the Karas Court) has expressed its agreement with those cases holding that all five categories under Colon are still valid unless and until the Second Circuit holds otherwise. See, Lebron v. Mrzygold, No. 14-CV-10290, 2017 WL 365493, at *4-5 (S.D.N.Y. Jan. 24, 2017). The Plaintiff asks that the Court adheres to its prior ruling that "Colon still controls with respect to claims [like Plaintiff's] that do not require a showing of discriminatory intent," id. at *4, as there is no reason "to read into Iqbal a repudiation of the unremarkable holding in Colon that personal involvement may be proven in ways other than direct participation," id. at *5. Accordingly, as Plaintiff has not raised a claim of unconstitutional discrimination, the Court should examine the sufficiency of Plaintiff's pleadings under the five categories in Colon.

## GRIFFIN'S LIABILITY

In the complaint, Plaintiff specifically states that prior to August 3, 2015, that Defendant Griffin had received numerous complaints, grievances, and appeals regarding his subordinate Officer defendant Nagy's use of excessive force [unconstitutional acts] against inmates, yet failed to take corrective action thereby fostering Nagy's unconstitutional practices (Complaint, Dkt. No. 2, at p. 5 - 6). Pursuant to New York's 7 N.Y.C.R.R. § 701.8(e), complaints of this nature must be address by the Superintendent [Griffin] and decided by the Superintendent [Griffin] (id. at § 701.8(f). Therefore, defendant Griffin was not only made aware of

3

Nagy's unconstitutional excessive force deeds against inmates, but he personally reviewed the complaints and grievances and routinely signed-off denying the complaints personally, and thereby leaving defendant Nagy intact usher excessive force against inmates at Green Haven Correctional Facility. Under these circumstances, Griffin was personally involved in the violation of Plaintiff's constitutional rights by, namely, creating a "policy or custom under which unconstitutional practices occurred," allow[ing] the continuance of such a policy or custom," being "grossly negligent in supervising subordinates who committed the wrongful acts," or "failing to act on information indicating that unconstitutional acts were occurring. Further, in Burns v. Griffin, 2016 WL 7015751, in a case wherein C.O. Nagy identical actions were addressed relative to defendant Griffin's personal involvement under the Colon analysis, District Court Judge Briccetti ruled that the allegation supported a claim against defendant Griffin. Likewise, the same ruling should be made here.

## THE DEFENDANTS PERSONNEL FILES

Plaintiff contends that defendant Griffin, defendant Nagy and defendant Tokarz personnel file may contain material that could be used by Plaintiff to impeach each defendant based on violations of work rules, fraudulent claims, poor performance evaluations and potential mental health issues. Therefore, the personnel files are relevant; and as long as a record is relevant, it must be disclosed to the Plaintiff (King v. Conde, 121 F.R.D. 180, 192 (EDNY, 1988)). Accordingly, plaintiff requests to be provided with any information the court may find relevant to Defendants credibility and job

4

performance from its in camera review of each defendant personnel file.

## GRIEVANCE FILES

The defendants objection of confidentiality is waived because it was never timely interposed in a privileged log. Further, the basis of the confidentiality is one based upon an state agency self-created policy, therefore it cannot possibly serve to block a Plaintiff in a federal § 1983 civil action from acquiring information / evidence that is relevant, or such that may lead to relevant evidence that can serve multiple purposes like impeach credibility, show intent or motive, pattern and fodder for punitive damages enhancement; all substantiated and those deemed unsubstantiated grievances against Nagy made prior to (Four Years) August 3, 2015 for conduct that falls in the category of the use of excessive force or a plausible similarity thereof. Such material also serves as the basis for connecting defendant Griffin's liability under the Colon analysis mentioned above. Daniels v. City of New York, 2014 WL 325934, at *2 (SDNY, 2014); Henry v. Hess, 2012 WL 4856486, at *1 (SDNY, 2012); Lombardo v. Stone, 2002 WL 113913, at *6 (SDNY, 2002). Accordingly, Plaintiff is entitled to these relevant files, which have a sine quo non, relationship to each above mentioned purpose.

## OSI FORMERLY THE INSPECTOR GENERAL [FILES]

The defendants' objection of confidentiality is waived because it was never timely interposed in a privilege log in accordance with Rule 26(b)(5)(a)(ii). Further, defendants position that the claims of excessive force against Nagy were found to be unsubstantiated is of no moment. Henry v. Hess, 2012 WL 4856496, at #1 (SDNY, 2012) ("Complaints of misconduct and disciplinary records a defendant police officer, substantiated or unsubstantiated that are similar to the allegations in the civil action against him would be subject to disclovery" (citing case)). Plaintiff contends that data from the files of the Inspector General's Office concerning Nagy's use of force against inmates may, or will, lead to other relevant material, or itself serve as a basis for impeachment, showing of pattern, or motive to use, excessive force against inmates, and therefore must be disclosed to Plaintiff. Eng v. Scully, 146 FRD 74, 79-81 (SDNY, 1993); Gross v. Lunduski, 304 FRD 136, 141, 144-147 (WDNY, 2014).

Accordingly, Plaintiff is entitled to the relevant files, which have a sine quo non relationship to each above mentioned purpose to plaintiff cause of action.

Dated: February 4th, 2018
Auburn, New York

Respectfully submitted,
Jeffrey Culbreath
Plaintiff, Pro-se

6

Prepared by:

Legal Services Research
Attn: Dena J. Reed
4281 Sweet Meadow Lane
Ellenwood, Georgia 30294

For:

Jeffrey Culbreath 95B1028
Auburn Corr. Fac.
135 State Street
Auburn, New York 13024
Plaintiff, Pro-se

cc:

Lisa M. Smith (USMJ, SDNY)

Julinda Dawkins (AAG, NYS)