UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JEFFREY CULBREATH,

                              Plaintiff,

                 *- against -*

THOMAS GRIFFIN, et al.,

                             Defendants.

17 CV 3406 (KMK) (LMS)

<u>**DECISION & ORDER**</u>

---

**THE HONORABLE LISA MARGARET SMITH, U.S.M.J.**

    Presently before the Court is <u>Pro Se</u> Plaintiff's motion for reconsideration of this Court's March 1, 2018, Decision & Order, ECF No. 35, denying in part his motion to compel production of documents (the "Decision"). ECF Nos. 40, 43.[1] Defendants oppose the motion. ECF No. 46. For the reasons that follow, Plaintiff's motion is DENIED.

## BACKGROUND

    On May 5, 2017, Plaintiff filed the instant lawsuit against Defendants Thomas Griffin, Michael Nagy, and Mark Tokarz, alleging supervisory liability, as well as excessive force and deliberate indifference to serious medical needs under the Eighth Amendment of the United States Constitution. ECF No. 2. Defendants answered the Complaint on September 19, 2017. ECF No. 16. This case was referred to the undersigned for general pretrial supervision on November 1, 2017. ECF No. 19.

    On January 15, 2018, Plaintiff filed a letter addressed to the undersigned, contesting the sufficiency of Defendants' responses to certain requests for admissions. ECF No. 28. By

---

[1] The Court assumes the parties' familiarity with the relevant facts as set forth in the Decision.

separate letter, dated January 17, 2018, Plaintiff moved to compel production of documents in response to Demand Nos. 2-9, 11, 13, and 15-16 in Plaintiff's First Set of Document Demands. ECF No. 25. A third letter, dated January 18, 2018, sought an order compelling Defendants to produce documents responsive to Demand Nos. 1-6 in Plaintiff's Second Set of Document Demands. ECF No. 24. The Court treated Plaintiff's various letters as two separate motions to compel, as well as a motion to deem certain requests for admissions admitted. On February 13, 2018, Defendants submitted an omnibus brief in opposition to these motions. ECF No. 31.

On March 1, 2018, this Court denied Plaintiff's motion to deem any requests for admissions admitted; denied in part Plaintiff's motion to compel with respect to the First Set of Document Demands; and withheld ruling on Plaintiff's motion to compel regarding the Second Set of Document Demands pending an in camera review of certain of Defendants' personnel files. ECF No. 35. With specific respect to Plaintiff's First Set of Document Demands, the undersigned denied Plaintiff's request to compel production of documents in response to Demand Nos. 2-5, 7, 9, 13, and 15-16, and reserved ruling on Demand Nos. 6, 8, and 11, pending an in camera of information regarding the alleged security risks involved in disclosing certain records to Plaintiff, who is currently housed at Auburn Correctional Facility. ECF No. 35, at 17-18.

Shortly thereafter, on March 16, 2018, Plaintiff filed a letter requesting that the Court "rescind those portions of [the Decision] sustaining the defendants['] objections and [to] allow the Plaintiff to demonstrate relevance thereto respectively." ECF No. 40. The undersigned deemed this letter as a notice of motion for reconsideration of the Decision, and directed the parties to supply briefing. ECF No. 41. The Court advised Plaintiff that he must support his motion for reconsideration with a memorandum "setting forth concisely the matters or

controlling decisions which counsel [or a pro se litigant] believes the Court has overlooked." Id. at 2 (quoting Local Civ. R. 6.3).

Plaintiff then filed the instant motion and accompanying memorandum of law on April 4, 2018. ECF No. 43. In his motion, Plaintiff seeks reconsideration of the portion of the Decision relating to Demand Nos. 2-5 in his First Set of Document Demands. Id. at 3-4. Specifically, Plaintiff argues that the Court "overlooked its discretion" by denying his request to compel production of documents responsive to Demand Nos. 2-5 without first giving him "an opportunity to demonstrate" the relevance of the requests. Id. at 2-4.

## DISCUSSION

"The decision to grant or deny a motion for reconsideration ... rests within 'the sound discretion of the district court.'" Adeghe v. Janssen Pharms., Inc., No. 16-Civ-2235 (LGS), 2017 WL 4839063, at *1 (S.D.N.Y. Oct. 24, 2017) (quoting Azcel v. Labonia, 584 F. 3d 52, 61 (2d Cir. 2009)). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995) (citations omitted).

Plaintiff has not overcome the substantial burden required to succeed on a motion for reconsideration. He does not identify controlling law or facts which the Court overlooked. Instead, Plaintiff argues that this Court erred when it denied his motion to compel with respect to Demand Nos. 2-5 without first giving him the opportunity to demonstrate the relevance of these Demands.

As discussed in the Decision, however, Plaintiff had the burden of demonstrating the relevance of the Demands for which he sought to compel responsive documents. See ECF No. 35, at 5 (explaining that in a motion to compel the movant "must first show that the information sought is discoverable (i.e. relevant)"). That Plaintiff did not make such arguments in the first instance is not a valid basis for reconsideration. Plaintiff, in other words, cannot rely upon a motion for reconsideration to raise relevance arguments that should have been presented to the Court, in the first instance, via the underlying motion to compel. See Shim-Larkin v. City of New York, No. 16-CV-6099 (AJN), 2018 WL 461100, at *1 (S.D.N.Y. Jan. 17, 2018) ("On a motion for reargument, a party may not advance new facts, issues or arguments not previously presented to the court." (internal quotation marks and citations omitted)). In any event, the Court, sua sponte, considered the relevance of Demand Nos. 2-5 in its Decision and ultimately denied Plaintiff's request for compelled discovery. ECF No. 35, at 6-7. Given that Plaintiff has only provided new relevance arguments, rather than pointing to controlling law or facts which were overlooked, there is no basis for disturbing the Court's determinations.

The foregoing notwithstanding, Plaintiff may renew his motion to compel the production of documents responsive to Demand Nos. 2-5 at a later stage in the litigation. As discussed during the May 2, 2018, status conference, defense counsel is required to search for documents responsive to Demand No. 2 (when the chemical agents were loaded into their chambers), and produce such documentation, if any, for in camera inspection; likewise, the Court noted that it would be inclined to require production of documents concerning the contents of the chemical agents at issue (i.e. information responsive to Demand Nos. 3-5), subject to a confidentiality order, in the event that Plaintiff secures pro bono counsel or retains a sufficiently qualified expert. Courtflow Recording dated 05/02/2018 at :50-1:35. In sum, although Plaintiff has not

presented facts or law sufficient to alter the Court's ruling with respect to Demand Nos. 2-5, the information sought by these requests may nonetheless be subject to discovery at a later stage in the case. At this time, however, Plaintiff's motion for reconsideration, ECF No. 40, 43, is denied.

A copy of this Decision & Order, along with all unpublished decisions cited herein, have been mailed by Chambers to Pro Se Plaintiff.

Dated: June 1, 2018
       White Plains, New York

                                        SO ORDERED,

                                        Lisa Margaret Smith
                                        United States Magistrate Judge
                                        Southern District of New York

Case 7:17-cv-03406-KMK-LMS   Document 48   Filed 06/01/18   Page 6 of 6