JEFFREY CULBREATH
DIN #95-B-1028
AUBURN CORR. FAC.
135 STATE STREET
AUBURN, NEW YORK 13024
PLAINTIFF, PRO-SE
JULY 24, 2018


RECEIVED
JUL 26 2018
HON. LISA MARGARET SMITH
U.S.M.J.

HONORABLE LISA M. SMITH
UNITED STATE MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
300 QUAARROPAS STREET
WHITE PLAINS, NEW YORK 10601-4150

Re: <u>Culbreath v. Griffin, 17-cv-03406 (KMK) (LMS)</u>

Dear Judge Smith:

    I am the Plaintiff in the above-referenced matter, and hereby present this communication pro-se. Pursuant to the Court's July 18, 2018 Order, the Plaintiff, appearing pro-se, submits this submission addressing the privilege assertions against disclosing certain relevant materials, and some suggestions that are remedial alternatives to any disclosure issues thereby protecting the interest of all parties.

## I.
## DISCUSSION

### DEFENDANT'S WAIVER OF SAFETY & SECURITY, LAW ENFORCEMENT, AND ANY OTHER PRIVILEGE

(a).

### Re: Plaintiff's First Set Document Demands Request Nos. 6, 8, and 11

    The plaintiff submitted his first set of respective document demands on the defendants on November 28, 2017. The defendants filed their respective answer on December 28, 2017 mentioning the respective privilege against disclosure. The applicable privilege log was <u>not</u> filed until March 26, 2018 (nearly 90 days late) in violation of Rule 26(b)(5)(A)(ii) of the FRCP. On top of

that, the privilege log that was supplied, was insufficient, as a matter of law, because it just merely states the claimed privilege as being "safety and security and law enforcement", and does not provide the requisite details that the documents at issue contain such categories of information. See Micillo, 2016 WL 2997507, at * 5 (SDNY, 2017); Coleman, 174 F.Supp.3d at 757 (EDNY, 2016) aff'd, 685 Fed. Appx. 69 (2d Cir. 2017). Considering the defendants, attorney's litigation experience, its very clear that this is a flagrant violation. And this court has already made it clear in unambiguous terms that "only flagrant violations of [discovery] rules should result in a waiver of privilege" (id). Moreover, the deficiency is **not** cured by the declaration of Lt. Carl J. Pierce, because as Your Honor has already ruled -- March 1, 2018 -- "much of Lt. Pierce's representations are conclusory and lack specific facts supporting the claimed security risks involved". (id @ 13).

Accordingly, the respective privilege(s) asserted by the defendants have been waived, and thereby the respective documents must be disclosed in toto.

(b).

### Re: Plainitff's First Set Document Demands Request No. 7, and Second Set Document Demands Request Nos. 1 and 2

The respective plaintiff's Document Demand Requests has been recognized as relevant to plaintiff's cause of action (Court's Decision & Order, dated March 1, 2018 @ 14 - 15). Although the

defendants has asserted the claims of privilege against disclosure of the sought documents, the assertions must fail for the following reasons: (i) the asserted privilege(s) has been asserted in a conclusory manner -- which is insufficient as a matter of law (as demonstrated above); (ii) no adequate privilege lo has been submitted, and (iii) by reason of (i) and (ii) -- above -- shortcomings, the privilege(s) have been waived.

Accordingly, the respective privilege(s) asserted by the defendants have been waived, and thereby the respective documents must be disclosed in toto.

## II.
## DISCUSSION

### PROPOSED RESOLUTION'S IN LIEU OF THE
### DEFENDANT DISCLOSING CERTAIN DOCUMENTS

(a).

Re: Plaintiff's First Set Document Demands
Request Nos. 6, 8, and 11

Without the above requested documents, the plaintiff's case will be severely and irreparably prejudiced. With this being the case, in lieu of the defendants disclosing -- in order to protect their interest in keeping the documents from the plaintiff -- then it is best that the following areas of concern be deemed proven for this litigation purpose as follows: (1) That defendant Nagy did deploy the chemical agents outside the scope of permissible deployment of his training; (2) That the time span plaintiff was required to be allowed to began decontamination from his sever exposure to the chemical agents was within 10 - 15 minutes and

such decontamination procedures consisted of showering, eye flushing, and a respiratory aid apparatus; (3) That photos of the West Messhal was required to have been taken per Directive 4903; and (4) That there is nothing in Dir. 4903 authorizing the destruction of the contaminated clothing of an inmate without the inmate's consent.

The documents the defendants seek to keep under the wraps of privilege is the only source of data that proves these facts. These facts are essential to the plaintiff's case in that they allow plaintiff to convince the jury without rebuff that defendant Nagy's deployment of the chemical agents were malicious, defendant Tokarz deliberately deprived plaintiff of the medically required decontamination process posing an unreasonable risk to plaintiff's health, and that the photographic evidence of the incident scene and the clothing evidence that displayed the over-kill amounts of chemical agents deployed upon plaintiff has been conveniently destroyed to cover-up the ferocity of the defendants' unconstitutional misdeeds.[1]

(b).

Re: Plaintiff's First Set Documents Demands
Request No. 7, and Second Set Document Demands
Request Nos. 1 and 2

Without the above requested documents, the plaintiff's case will essentially cease to exist. This level of prejudice to the plaintiff's constitutionally protected interest is **not** subordinate to the defendants' interest in preventing disclosure of the requested documents to the plaintiff.

With this being the case, in lieu of the defendants' disclosing these documents -- in order to protect their interest in keeping the

documents from the plaintiff -- then it is best that the following areas of concern be deemed proven: (1) defendant Griffin's personal involvement under the Colon analysis[2] (categories 2, 3, and 5); (2) defendant Nagy had a pattern of being complained about by inmates for using excessive force; (3) defendant Nagy having been accused by inmates of expressing his disdain for inmates; and (4) defendant Nagy has given multiple versions as to the premise he relied upon in deciding to deploy the chemical agents.

The documents that defendants seek to keep from the plaintiff is the only source of data that proves these facts. These facts are essential to the plaintiff's case in that thy allow plaintiff to convince the jury without rebuff that defendant Griffin while knowing defendant Nagy had a pattern of being reported by inmates of using, or threatening to use, excessive force, and having a reported disdain for inmates, he allowed defendant Nagy to be in charge of the Chemical Gass Booth where he could do the most harm to inmates at one time - - which is exactly what happened. Further, rather than defendant Nagy manning-up to his malicious unprofessionalism and accept job-lost, he has chose to give several different reasons as to why he deployed the chemical agents which only shows that the real motive behind his unconsitutional actions was his malicious disdain for inmates.

(c).

### Re: Plaintiff's Renewed Demand For First Set Document Demand Request Nos. 2 - 5

Without the above requested documents, a substantial chunk of

the plaintiff's case will be irreparably compromised, especially in the award department. Despite this truth, the defendants will most likely protest against disclosing these documents to the plaintiff on their legitimate concerns of a security risk, even though their concerns are subordinate to the plaintiff's constitutionally protected litigation fact-finding interest. With this being the case, in lieu of the defendants' disclosing these documents -- in order to protect their interest in keeping the documents from the plaintiff - - then it is best that the following areas of concern be deemed proven: (1) the Chemical agents deployed on the plaintiff were toxic; (2) that the level of toxicity used in the Chemical deployed chemical agent gas pose a long-term health hazard to plaintiff; and (3) the defendants are precluded from contesting these deemed proven facts.

These documents are the only source of data that enables plaintiff to prove these facts. These facts are essential to the plaintiff's case in that they allow plaintiff to argue to the jury that he well deserves $350k in punitive awards and in compensatory awards against each defendant totaling $2.1m in damages because of the malicious excessive force imposed upon the plaintiff for over a hour of constant extreme pain time via toxic chemical gas that poses a long-term unforeseeable health hazard to the plaintiff's life cumulatively caused by these defendants.

## CONCLUSION

In the all fairness, these terms should be consented to by the defendants, however, if the defendants fail to consent to these terms, then it is only right for the court to compel discovery of the requested documents **in toto** in order to protect plaintiff's interest from irreparable damage and the defendants unfair advantage thereof.

Dated: July 24, 2018
Auburn, N.Y. 13024

Respectfully submitted,

Jeffrey Culbreath
DIN #95-B-1028
Auburn Corr. Fac.
135 State Street
Auburn, N.Y. 13024
Plaintiff, Pro-se

cc: Julinda Dawkins, AAG
Attorney for Defendants

I, Jeffrey Culbreath, affirm, under the penalty of perjury, that the foregoing representations are true and correct to the best of my knowledge.

Jeffrey Culbreath
Plaintiff, Pro-se

July 24, 2018

Footnotes:

1. In response to plaintiff's Third Set Discovery Request No. 1, defendant Tokarz stated in response dated April 16, 2018 that the clothing was destroyed on or about August 3, 2015.
   In defendant Griffin's response to Plaintiff's Second Set of Interrogatories dated July 10, 2018 @ Responses Nos. 3 - 4, defendant Griffin states that Dir. #4903 was fully complied with - - which includes having photos of the contaminated chemical agent incident scene takened.

2. When personal involvement of a supervisor defendant is being evaluated, the Colon analysis still is in effect (Lebron v. Mrzygold, 2017 WL 365493, at * 4 - 5 (S.D.N.Y. Jan 24, 2017)).

RECEIVED JUL 26 2018 HON. LISA MARGARET SMITH U.S.M.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEFFREY CULBREATH,
    Plaintiff,

-against-

THOMAS GRIFFIN, et. al.,
    Defendants.

PLAINTIFF FOURTH SET OF
DISCOVERY REQUEST
PURSUANT TO FRCP
RULES 26 and 34

17-CV-3406 (KMK) (LMS)

JEFFREY CULBREATH, the plaintiff in the above-captioned matter, hereby, pursuant to the Federal Rules of Civil Procedure Rules 26 and 34, request the following from the respective defendant(s):

[FOR DEFENDANT NAGY]
DOCUMENTS

REQUEST #1:

A completed unredacted copy of the testimony defendant Nagy gave at two separate inmates disciplinary hearings relating to this matter as acknowledged by defendant Nagy in his "Response to Interrogatory No.2" dated July 13, 2018.

RELEVANCE OF REQUEST #1:

This material informs on defendant Nagy's motive, knowledge, credibility, and potential defenses against the Plaintiff's claims against him.

REQUEST # 2:

A copy of documentation that reveals the identity and location of the inmates in which defendant Nagy testified at their respective inmate disciplinary hearings in connection with defendant Nagy's "Response to Interrogatory No. 2" dated July 13, 2018.

**RELEVANCE OF REQUEST #2:**

The data sought relates to inmates who are witnesses to, and also victims of, the alleged unconstitutional conduct of defendant Nagy's use of excessive force; and as such, these witnesses will be able to provide first hand knowledge that will be supportive to the Plaintiff's claims as well as counter-productive to the defendant's defense.

### [FOR DEFENDANT GRIFFIN]
### DOCUMENTS

**REQUEST #3:**

A copy of the evidence production request of each inmate in preparation of their superintendent's hearing that defendant Nagy gave testimony against regarding Nagy's "Response to Interrogatory No. 2" dated July 13, 2018.

**RELEVANCE OF REQUEST #3:**

The data sought may inform Plaintiff with an additional viewpoint on what kind of relevent discovery material to seek, and said data will also allow plaintiff to make a comparative with the data plaintiff has already requested.

**REQUEST #4:**

A copy of the response provided to each of the two inmates regarding their evidence production requests in preparation for their defenses at their respective superintendent's hearings. The two inmates this request is referring to are the two that defendant Nagy referred to in his "Response to Interrogatory No. 2" Dated July 13, 2018.

## RELEVANCE OF REQUEST #4:

The requested data may lead to discoverable admissible evidence impacting the defendants credibility. This data may also evidence that the defendants are concealing evidence that have been requested by plaintiff while being previously disclosed in unrelated proceedings. Particularly, certain photos, video, and/or electronically stored images of the actual incident giving rise to this matter and/or of the West Messhall at GreenHaven Correctional Facility which is the actual location of the incident connected with this lawsuit.

## REQUEST #5:

A complete copy of the report you [Defendant Griffin] made after your review of BATES NUMBERS CULBREATH 000041 - 000042 as acknowledged by you in your "Response to Interrogatory No. 2" dated July 13, 2018.

## RELEVANCE OF REQUEST #5:

The request data may show false statements by the defendants concerning the non-existence of certain previously requested material thereby providing the basis for appropriate sanctions due to spoliation or concealment of material evidence, that is, video, photos, or electronically stored images of the incident related to this cause of action.

[FOR DEFENDANTS COLLECTIVELY]
DOCUMENTS

REQUEST #6:

Plaintiff renews first set of documents demands Request Nos. 2-5.

RELEVANCE OF REQUEST #6:

The cumulative benefit of the sought data allows plaintiff to personally conduct research and investigate whether the chemical agents used against him were toxic (to any degree), whether that level of toxicity causes any type of long-term health hazard, and if affirmatively confirmed by arguably acceptable scientific data, the sought data will be used by the plaintiff to effectively cross-examine the defendants' potential expert witness, and argue to the jury during the damage stage for heightened compensatory damages on the grounds of unforeseeable health care expense.

ADVISORY

Defendants are advised to have all the said items produced and delivered to plaintiff within 30 days of the service of this discovery request.

Dated: July 24, 2018
Auburn, New York

Respectfully submitted,

Jeffrey Culbreath
DIN #95B1028
Auburn Corr. Fac.
135 State Street
Auburn, New York 13024
Plaintiff, Pro-se

To:
JuLinda Dawkins, AAG, [Counsel for Defendants]
Lisa Margaret Smith, USMJ, SDNY [Courtesy Copy]

AUBURN CORRECTIONAL FACILITY
P.O. BOX 618
AUBURN, NEW YORK 13024

NAME: Jeffrey Culbreath   DIN: 95B1078

Legal Mail

Hon. Lisa M. Smith
United States Magistrate Judge
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, N.Y. 10601-4150

10601-415099