UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CULBREATH,

                Plaintiff,

      - *against* –

GRIFFIN, ET AL.,

                Defendants.

10/24/2018
Approved
[signature]
Chief Judge

17 CV 3406 (KMK) (LMS)

**REPORT
&
RECOMMENDATION**

**THE HONORABLE LISA MARGARET SMITH, U.S.M.J.[1]**

Under the Court's Standing Order regarding the Creation and Administration of the *Pro Bono Fund* (16–MC–0078) (the "Standing Order"), *pro bono* counsel may apply to the Court for preauthorization and reimbursement of certain expenses during litigation. On October 16, 2018, counsel for Plaintiff[2] submitted a request for preauthorization of funds from the *Pro Bono Fund* for certain discovery costs totaling $14,000. ECF No. 68. Pursuant to Standing Order ¶ 2, only the Chief Judge may grant approval of requests for preauthorization of funds that exceed $5,000. Accordingly, after reviewing the material submitted by Plaintiff's counsel, as well as the requirements and procedures for obtaining preauthorization of funds, the undersigned reports and respectfully recommends that Plaintiff's request for preauthorization of funds in the amount of $14,000 be GRANTED.

---

[1] On November 1, 2017, the Honorable Kenneth M. Karas referred this matter to the undersigned for general pre-trial supervision. ECF No. 19.

[2] Plaintiff represented himself *pro se* until August 15, 2018. On that date, Ryan Lozar filed a notice of limited appearance to represent Plaintiff *pro bono* for the limited purpose of discovery and settlement discussions. ECF No. 56.

Plaintiff's counsel estimates that $2,000 to $3,000 will be required to finance the cost of conducting three depositions (as of October 16, 2018, two depositions have already been scheduled). Additionally, Plaintiff's counsel estimates that expert fees will cost $11,000. Specifically, Dr. Jonathan Borak's[3] preparation of an expert report, as well as his eventual trial testimony.[4] In support of his request for preauthorization of funds, Plaintiff's counsel avers that Dr. Borak's expert testimony "is critical to the central issues in [Plaintiff's] case," and will present the "clearest evidence to a jury regarding the unreasonableness of Defendants' contested actions." ECF No. 68, p. 2. Plaintiff's counsel also notes that Dr. Borak's expert testimony is required as it will "address potential jury confusion." Id.

After reviewing the documentation submitted by Plaintiff's counsel, as well as the requirements and procedures for obtaining preauthorization of funds pursuant to the Standing Order, the undersigned reports and respectfully recommends that Plaintiff's application for preauthorization of funds from the *Pro Bono Fund* be GRANTED as Plaintiff's counsel has submitted sufficient documentation to permit the Court to determine that the anticipated expenses are appropriate and reasonable.

Dated: October 23, 2018
      White Plains, New York

SO ORDERED,

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York

---

[3] While not filed on ECF, a copy of Dr. Borak's curriculum vitae detailing his qualifications is attached to this report and recommendation.

[4] In accordance with Standing Order ¶ 2, Plaintiff's counsel provided a detailed description of said expenses in his October 16, 2018, letter, which is attached to this report and recommendation.

2