The Law Office of Ryan Lozar, P.C.
305 Broadway, 14th Floor, New York, NY 10007
Tel: (310) 867-1562; Alternate Tel: (646) 666-8262; Fax 1-877-666-4456
ryanlozar@gmail.com



MEMO ENDORSED

OCTOBER 29, 2018

Re:  Culbreath v. Griffin, et al., No. 17 Civ. 3406 (KMK) (LMS)

Dear Judge Karas:

I represent Plaintiff Jeffrey Culbreath in the above-captioned Section 1983 case before the Court. Initially, Mr. Culbreath represented himself pro se. Recently, the Court granted Mr. Culbreath pro bono counsel, and I made a related notice of appearance on his behalf. Docket No. 56. On or about September 6, 2018, I began to receive attorneys'-eyes-only discovery pursuant to Magistrate Judge Smith's protective order governing confidential discovery which pro se Plaintiff had not been able to directly receive when he was not represented.

Presently the Parties have a November 1, 2018, close of discovery and a December 11, 2018, final pretrial conference. Docket Nos. 65, 67. I write with Plaintiff's motion to extend the discovery deadline as to expert discovery only, for the reasons stated below. This is the second discovery extension request since I appeared as Plaintiff's counsel. Defendants join.

I note that Plaintiff makes no motion to extend fact discovery unrelated to any discovery that may be needed for expert discovery beyond November 1.[1] The Parties have already conducted three Party depositions and the final Party deposition is scheduled for October 30, 2018. As to any fact discovery unrelated to expert discovery, I will serve any supplemental fact discovery requests as the need, if any, becomes known from Party depositions prior to the November 1 deadline.

As brief background, and as the Court may recall, in this case Plaintiff alleges excessive-chemical-force and deliberate-indifference-to-serious-medical-needs claims arising from Defendant Nagy's mass deployment of chemical agents upon Plaintiff and other inmates in an August 2015 incident in Green Haven Correctional Facility's cafeteria.

Plaintiff's good cause for the expert discovery extension begins with the time it took your undersigned to search for and identify a toxicology expert qualified and available to offer opinions pertaining to the chemical force at issue here—i.e., the nature of the chemical agents used upon Plaintiff, their typical effects upon the human body, the reason for and importance of adequate post-exposure decontamination to mitigate those effects, and more. In addition to the normal difficulties experienced in identifying a qualified and available expert for this case, I experienced some delay and

---

[1] Plaintiff's supplemental discovery requests relating to expert discovery have already been served. They include "chemical discovery" requests (relating to chemical agents at issue and their recommended use, handling and post-exposure decontamination practices), requests to inspect the incident scene, and your undersigned's request to inspect Plaintiff's full DOCCS medical file. The Parties discussed these issues with Judge Smith at October 19, 2018, conference. Docket Entry 10/19/2018. At this time I do not expect to need to make any supplemental requests for information needed for Plaintiff's expert's work, although I note that it is conceivable that Plaintiff's expert may draw my attention to some necessary information I have overlooked once he assesses the discovery that will be produced in the coming weeks for his analysis in creating his report.

complication in this task because the procedural posture of this litigation was such that the pro se Plaintiff had not been able to obtain full confidential "chemical discovery" prior to my appearance for any proposed expert to review. (Defendants provided the chemical discovery ordered pursuant to the Court's August 23, 2018 attorney's-eyes-only protective order in early September 2018, and I await delivery of additional production in connection with Plaintiff's October 17 supplemental discovery request for more complete information.) For a time, the incompleteness of chemical discovery hindered my ability to accurately estimate expert costs for the purposes of an application for preauthorization of pro bono funds to pay any such estimate.

At this writing, the various moving parts to Plaintiff's expert-discovery work have begun to come together. I identified and served Defendants with notice of Plaintiff's intended expert (October 16); moved the Court for preauthorization of pro bono funds for that expert's estimated costs (October 16), Docket No. 68; served supplemental discovery requests for the balance of the chemical discovery that Plaintiff's expert will need (October 17), and more. After an October 19, 2018, court conference pertaining to, among other things, Plaintiff's application for preauthorization of expert-related pro bono funds, Magistrate Judge Smith recommended that Chief Judge McMahon grant Plaintiff's application. Docket Entry 10/19/2018; Docket No. 69. On October 24, 2018, Chief Judge McMahon approved the request. Docket Entry 10/24/18; Docket No. 70.

In short, Plaintiff's expert discovery work has begun to progress, with earlier procedural obstacles either already resolved or in the process of being resolved in the coming weeks.

In the event the Court is inclined to grant extension of the pretrial schedule to allow for completion of expert discovery, the Parties have conferred about a realistic timeline. The Parties agree that January 31, 2019, is a realistic estimate of the needed time for the following reasons. First, Defendants have until approximately November 16, 2018, to respond to Plaintiff's supplemental discovery demands. Magistrate Judge Smith has scheduled a conference with the Parties for November 15, 2018, to discuss any potential related disputes as well as any residual fact discovery issues still at issue from Plaintiff's October 17 supplemental discovery requests. Docket Entry 10/19/2018. Then, Plaintiff's expert estimates needing two to three weeks to produce a report once chemical discovery is in hand, until approximately December 1, 2018. The expert's work may involve an incident-site visit, although this has not yet been definitively decided. Upon receipt of the Plaintiff's expert witness report, Defendants anticipate needing time to depose Plaintiff's expert witness, notice their own expert witness and, produce an expert witness report. Thus, all expert disclosures, including reports, production of underlying documents and depositions are to be completed by:

    Plaintiff's Expert:        December 31, 2018;
    Defendants' Expert:     January 31, 2019.[2]

In light of the foregoing, the parties respectfully requests that the Court extend expert discovery through and including January 31, 2019.

Finally, the Parties note that they have a December 11, 2018, final pretrial conference before Your Honor. We are willing to keep that conference date according to the Court's wishes as a status conference and/or for the purposes of scheduling dispositive-motion or trial-paper briefing even as we conclude expert work. Alternatively, the Parties are willing to adjourn the December 11, 2018,

---

[2] Defense counsel will be away from the office, on vacation, from December 17 to December 28, 2018.

conference with Your Honor if the Court prefers that that take place after the close of the expert discovery addressed herein.

Thank you in advance.

Sincerely,

*Ryan Lozar*

Ryan Lozar

The revised expert discovery schedule is approved. The 12/11/18 conference is moved to 2/14/19, at 12:00.

So Ordered

KMK

10/29/18