

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8118

February 13, 2019

**Via ECF**
Honorable Kenneth M. Karas
United States District Judge
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re: <u>Culbreath v. Griffin,</u> 17 CV 3406 (KMK)(LSM)

Dear Judge Karas:

      This Office represents Defendants Griffin, Tokarz, and Nagy ("defendants"), current and former employees of the New York State Department of Corrections and Community Supervision ("DOCCS"), in the above-captioned case. We are writing pursuant to Your Honor's Individual Rule II (A) in advance of the February 27, 2019 case management conference regarding defendants' proposed motion for summary judgment.

      Plaintiff, an inmate in the custody of DOCCS, alleges that his Eighth Amendment rights were violated on August 3, 2015, when Correction Officer ("C.O.") Nagy released chemical agents into the West Mess Hall at Green Haven Correctional Facility ("Green Haven") in response to a physical altercation among inmates. (Dkt. No. 2). Plaintiff alleges various physical and emotional injuries. (<u>Id.</u>, p. 7).

**Failure to State an Eighth Amendment Claim**

      In order to establish an Eighth Amendment claim, a plaintiff-inmate must prove: (1) a deprivation that is "objectively, sufficiently serious," <u>i.e.</u> that he was denied "the minimal civilized measure of life's necessities;" and (2) a "sufficiently culpable state of mind" on the part of the defendant official, amounting to deliberate indifference to the plaintiff inmate's health or safety. <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994). A defendant cannot be deliberately indifferent unless he knows of and disregards the risk to the inmate's health or safety; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Id.</u>, at 837. <u>See</u> also <u>Wright v. Goord</u>, 554 F.3d 255, 268 (2d Cir. 2009).

Hon. Judge Karas  Page 2
February 13, 2019

### A) *Plaintiff Fails to Establish an Excessive Force Claim*

A claim for excessive force under the Eighth Amendment requires plaintiff to prove that force was not "applied in a good faith effort to maintain or restore discipline" but rather "maliciously or sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). Here, the uniform testimony of the officers, and the contemporaneous records of the event, all show that the release of chemical agent was done to control a potentially dangerous situation that appeared to be quickly escalating into a riot. It is undisputed that on the morning of August 3, 2015, there was a violent altercation in the West Mess Hall at Green Haven necessitating the use of force to subdue two brawling inmates. Staff on scene observed inmates fighting, refusing orders to cease, and behaving in an aggressive manner; actions which presented a security threat to the approximately ten officers supervising the approximately 350 inmates in the Mess Hall. Plaintiff has no evidence that defendant Nagy released the chemical agents maliciously and sadistically to cause inmates harm – particularly given that his release exposed many of his fellow officers to the chemical agent as well.[1]

### B) *Plaintiff Fails to Establish a Medical Indifference Claim*

Nor can plaintiff establish an Eighth Amendment deliberate indifference to serious medical needs claim against defendant Tokarz relating to an alleged delay in providing medical care after the chemical release. In order to establish a claim that his medical treatment, including the delay in treatment, establishes an Eighth Amendment claim, plaintiff must show that the defendant acted with "deliberate indifference to serious medical needs." Harrison v. Barkley, 219 F.3d 132, 136 (2d Cir. 2000) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). In the present case, there is no evidence establishing any intentional delay in necessary medical care sufficient to satisfy the objective prong, or that any defendant was responsible for any delay. Salahuddin v. Goord, 467 F.3d 263, 279-80 (2d. Cir. 2006). Prison officials who act "reasonably" in response to the inmate's health-risk will not be found liable under the Eighth Amendment because the official's duty is only to provide "reasonable care." Id. (citing Farmer, 511 U.S. at 844-47). Not only is the evidence insufficient to establish an unreasonable delay in the decontamination process, but plaintiff cannot establish that there was any delay at all. The undisputed evidence will show that the decontamination process began immediately after the chemical agent release, and, to the extent there was any delay, there is no evidence that it created an unreasonable risk of harm to plaintiff. Plaintiff, as well as hundreds of other inmates, was allowed to cleanse his face and eyes within an hour of the release of the chemical agent, medical staff made rounds on his housing unit within hours of his exposure, and he was seen by a registered nurse within twenty-four hours for his reported symptoms. In any event, there is also no evidence that defendant Tokarz knew of plaintiff's purported need for medical care, much less that he knowingly disregarded it.

---

[1] But see Burns v. Griffin, No. 16 Civ.782 (VB), 2018 WL 3059655 (S.D.N.Y. June 20, 2018). There, the court denied summary judgment on plaintiff's excessive force claim for defendant Nagy's release of the chemical agent but dismissed plaintiff's claims of deliberate indifference to medical needs and supervisory liability. Id. at *5-6. A similar result on the excessive force claim is not warranted here because the testimonial evidence from the plaintiffs differ.

Hon. Judge Karas                                                                                                          Page 3
February 13, 2019

**Defendant Griffin was not Personally Involved**

Plaintiff also cannot establish that defendant Griffin was personally involved in a constitutional violation, which is a "prerequisite to an award of damages under § 1983." Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (quoting Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991)). Plaintiff also has no cause of action against defendant Griffin for his role as a supervisor because the doctrine of respondeat superior does not establish liability for money damages under § 1983. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009); accord Wright, 21 F.3d at 501. The supervisory liability claim against defendant Griffin fails because he was not personally involved in any constitutional violation. Plaintiff cannot establish that defendant Griffin was directly or indirectly involved in the alleged improper deployment of the chemical agent. Defendant Griffin was not present in the Mess Hall when the chemical agent was released on August 3, 2015, and did not directly participate in the decision to release the chemical agent. Plaintiff's entire lawsuit against defendant Griffin rests on the contention that because there were grievances filed against defendant Nagy, defendant Griffin was on notice of defendant Nagy's purported tendency to behave improperly. However, there is no evidence in the record to support this allegation.

**Defendants are entitled to Qualified Immunity**

Plaintiff's claims should also be dismissed on the grounds of qualified immunity because Plaintiff has failed to establish (1) a constitutional violation; (2) of a clearly established right; (3) and that even if there was a constitutional violation of a clearly established right, that it would not have been "objectively reasonable" for the defendants to believe that their conduct was lawful. Gonzalez v. City of Schenectady, 728 F.3d 149, 154 (2d Cir. 2013) (citing Taravella v. Town of Wolcott, 599 F.3d 129, 133-34 (2d Cir. 2010)). Defendant Nagy is entitled to qualified immunity because there is no controlling authority from the Supreme Court or Second Circuit that would have put him on notice that the specific actions plaintiff contends he engaged in, releasing chemical agent in the Mess Hall, violated the Constitution. White v. Pauly, 137 S. Ct. 548, 552 (2017) ("the clearly established law must be 'particularized' to the facts of the case"). Defendant Tokarz is entitled to qualified immunity because there is no evidence that he was aware that plaintiff suffered from any serious medical condition which posed a risk to plaintiff's health or safety, and then disregarded it. Blyden v. Mancusi, 186 F.3d 252, 262 (2d Cir. 1999). Defendant Griffin is entitled to qualified immunity because there is no evidence that he was personally involved in the violation of a federal right that was clearly established at the time of the alleged incident. See Iqbal, 556 U.S. at 672-73; Spavone v. New York State Dep't of Corr. Servs., 719 F.3d 127, 135-36 (2d Cir. 2013) (holding that a defendant's lack of personal involvement in alleged constitutional violations entitles him to qualified immunity).

We thank the Court for its consideration in this matter.

Respectfully Submitted,
/s/
Julinda Dawkins
Assistant Attorney General

To:    Ryan Lozar, Esq., Via ECF