```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| JEFFREY CULBREATH,<br><br>       Plaintiff,<br><br>    v.<br><br>MICHAEL NAGY, *et al.*,<br><br>       Defendants. | No. 17-CV-3406 (KMK)<br><br><u>ORDER</u> |

KENNETH M. KARAS, United States District Judge:

On June 7, 2019, Defendants Thomas Griffin, Mark Tokarz, and Michael Nagy (collectively, "Defendants") filed a Motion for Summary Judgment (the "Motion"). (Dkt. Nos. 97–113.) After receiving an extension from the Court, (Dkt. No. 116), Plaintiff Jeffrey Culbreath ("Plaintiff") filed an Opposition to the Motion on August 8, 2019. (Dkt. Nos. 126–129.)[1] Plaintiff noted in his Opposition that Defendants had failed to produce certain "highly relevant discovery on the basis of the law enforcement privilege," and that as of July 24, 2019, Magistrate Judge Lisa M. Smith ("Judge Smith") had ordered Defendants to produce this discovery for *in camera* review. (Pl.'s Mem. 6 n.4; Dkt. (minute entry for July 24, 2019).)[2]

---

[1] In his Opposition, Plaintiff withdrew his claim against Defendant Thomas Griffin. (*See* Pl.'s Mem. in Opp'n to Defs.' Mot. ("Pl.'s Mem.") 1 n.1 (Dkt. No. 129).)

[2] Plaintiff raised the dispute related to these discovery requests with the Court on June 5, 2019. (Letter from Mark J. Pesce, Esq. to Court (June 5, 2019) ("June 5 Pesce Letter") (Dkt. No. 95).) According to Plaintiff, Defendants' "employee-expert" described certain prison records during his deposition testimony that had not been previously produced by Defendants. (*Id.*) During and after the deposition, Plaintiff requested these documents, which Defendants initially objected to producing. (*Id.*) Ultimately, however, Defendants "agreed to search for and provide certain documents" without providing a deadline for production. (*Id.*) Thus, Plaintiff informed the Court that he was not yet able to certify that discovery was complete, and "reserve[d] the right to file a motion to compel production." (*Id.*) On the same day, the Court ordered Defendants to respond to Plaintiff's letter by June 12, 2019. (Dkt. No. 96.) Defendants filed the

Plaintiff represented that such discovery was "material to [his] ability to show the seriousness and severity of actual and potential chemical exposure injuries," (Pl.'s Mem. 6 n.4), which form the basis of Plaintiff's excessive force and deliberate indifference claims, (*id.* at 1). At the time that Plaintiff filed his Opposition, Judge Smith's *in camera* review of the discovery was ongoing, and Plaintiff "reserve[d] the right to supplement his summary judgment filings or seek other appropriate relief under Federal Rule of Civil Procedure 56(d) based on any document production following the Court's ruling." (*Id.* at 6 n.4.)[3]

On August 23, 2019, Plaintiff informed the Court that on August 12, Judge Smith had ordered Defendants to produce the additional discovery sought by Plaintiff, and Defendants had done so on August 19, 2019. (Aug. 23 Pesce Letter 1.) Plaintiff represented that this discovery was "highly relevant and underscore[d] the existence of material issues of triable fact in Plaintiff's case," and noted that it raised "important new issues and questions," which "necessitate[d] additional limited discovery." (*Id.* at 2.)[4] Thus, Plaintiff served supplemental document requests, interrogatories, and requests for admission on Defendants, as well as a supplemental deposition notice to Defendants' expert witness. (*Id.*)

---

instant Motion two days later and responded to the Court's directive on June 12. (Dkt. No. 115.) Plaintiff filed a reply to Defendants' June 12 letter on June 18, 2019. (Dkt. No. 117.)

[3] According to a letter subsequently filed by Plaintiff, Judge Smith suggested that Plaintiff include such a note in his Opposition. (*See* Letter from Mark J. Pesce, Esq. to Court (Aug. 23, 2019) ("Aug. 23 Pesce Letter") 1 ("[A]s suggested by Judge Smith at the July 24, 2019 hearing, Plaintiff noted his intent to seek the Court's leave to supplement his submissions . . . .") (Dkt. No. 136).)

[4] Specifically, Plaintiff stated that the discovery "set[] forth policies and procedures concerning the prevention and management of disturbances in Green Haven [Correctional Facility], the permissible use of chemical agents . . . , and the decontamination requirements for inmates after chemical exposure." (Aug. 23 Pesce Letter 2.)

On September 6, 2019, Defendants filed a Reply to Plaintiff's Opposition. (Defs.' Reply in Further Supp. of Mot. ("Defs.' Reply") (Dkt. No. 138).) Defendants argued that the Court should "reject [P]laintiff's request to reserve his right to additional discovery," but did not address Judge Smith's August 12 decision and Plaintiff's supplemental discovery requests. (*See id.* at 2.) On September 9, 2019, Plaintiff opposed Defendants' request that the Court consider the Motion fully briefed and noted that Defendants had not yet responded to Plaintiff's supplemental discovery requests, which Plaintiff indicated could "require a supplemental summary judgment submission." (*See* Letter from Mark J. Pesce, Esq. to Court (Sept. 9, 2019) ("Sept. 9 Pesce Letter") 1 (Dkt. No. 142).) The Court directed the Parties to "advise the Court as soon as discovery is complete." (Dkt. No. 144.)

The Court has not yet received an update from the Parties, and it appears from the docket that discovery is ongoing. On January 10, 2020, Judge Smith held a conference related to disputes over certain of Plaintiff's supplemental discovery requests. (Dkt. (minute entry for Jan. 10, 2020); *see also* Letter from Ryan Lozar, Esq. to Judge Smith (Oct. 29, 2019) ("Oct. 29 Lozar Letter") (Dkt. No. 147); Letter from Julinda Dawkins, Esq. to Judge Smith (Nov. 6, 2019) ("Nov. 6 Dawkins Letter") (Dkt. No. 149).) Judge Smith overruled Defendants' objections to Plaintiff's requests, and ordered Defendants to produce certain documents by January 18, 2020. (Dkt. (minute entry for Jan. 10, 2020).) Judge Smith also ordered Defendants to produce one or more persons "with knowledge about the efforts to locate [certain] calculations . . . and the results of the efforts to locate such calculations" by January 24, 2020. (*Id.*) Further, Judge Smith set a briefing schedule for an anticipated spoliation motion by Plaintiff and scheduled an additional status conference for March 12, 2020. (*Id.*) It appears that this conference occurred by

telephone on March 12 but was "[a]djourned without date." (*See* Dkt. (minute entry for Mar. 12, 2020).)

In light of the additional discovery ordered by Judge Smith, which may necessitate supplemental briefing, and the fact that the Parties have yet to "advise the Court . . . [when] discovery is complete," (Dkt. No. 144), the instant Motion is not yet ripe for summary adjudication. Thus, Defendants' Motion is denied without prejudice to renewal after the completion of discovery. *See Rogers v. Cartagena*, No. 10-CV-9285, 2013 WL 1285169, at *2 (S.D.N.Y. Mar. 28, 2013) (noting that the court denied without prejudice the defendants' first motion for summary judgment when the plaintiff indicated that there were outstanding discovery requests); *Jones v. Bishop*, 981 F. Supp. 290, 293 n.4 (S.D.N.Y. 1997) (same).

The Parties are to submit a letter to the Court within 30 days providing an update on the status of any outstanding discovery and anticipated supplemental briefing on Defendants' Motion.

The Clerk of the Court is respectfully directed to terminate the pending Motion, (Dkt. No. 97).

SO ORDERED.

DATED: March 30, 2020
White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE